No. 47

### YOUNGS v. N. Y. C. R. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1491. Decided Dec. 22, 1924

677. JUDGMENTS—Agreement between parties tending to affect it—When such judgment represents the agreement, will be given full meaning.

BY THE COURT.

Epitomized Opinion

Published only in Ohio Law Abstract

Youngs brought action in the Lucas Com-

mon Pleas against the N. Y. C. R. Co. and a judgment for $20,000 in his favor was directed. There was at that time entered upon the journal by the clerk that $10,000 should be retained in order to await determination of the rights and claims that a certain McCallum claimed there existed by virtue of contractual relations between Youngs and himself. All parties, including the Railway Co., agreed to this arangement; it being entirely clear that the retention of this money was an essential and important part of the settlement which resulted in the verdict and judgment of this case. Subsequently the Railway Co., in order to dispose of any claim that McCallum may have had, filed a supplemental answer in the nature of an interpleader, in which the claims of McCallum and Youngs were set forth, and McCallum was made a party to the cause.

The court decreed that the $10,000 was the property of Youngs, but such judgment as against McCallum was invalid as no personal service had been had on him, and he was not properly under the court's jurisdiction. It was brought out at this hearing that an action in Illinois under title of "Youngs v. N. Y. C. R. Co. was pending, in which McCallum sets up his claim against Youngs and seeks to recover judgment against the Railway Co. for the amount he would be entitled to under the contract he claims to have with Youngs.

The Common Pleas Court held that the money in the hands of the clerk should remain intact until the case in Illinois is fully determined; the court endeavoring to carry out the agreement between the parties when the judgment for $20,000 was rendered. The Court of Appeals in its affirmance holds:

1. This money should not be retained indefinitely; but it undoubtedly rests with the parties interested to see that the action in Illinois is terminated by a judgment either for or against McCallum's claims.

2. Youngs feels that it would be working a hardship on him to see that the Illinois action is brought to a hearing; but in the original action the court did not make the agreement, and its judgment represented the agreement voluntarily entered into by the parties themselves.

3. It is the duty of the court to protect the rights of the parties as contemplated by the original judgment in this case.

Attorneys—C. A. Thatcher, C. A. Meek, for Youngs; Messers. Doyle and Lewis, and Robt. Newbegin, for Railway Co.; all of Toledo.