No. 303

CUMMINS-BLAIR CO. v. MASON TIRE & RUBBER CO.

Ohio Appeals 8th Dist., Cuyahoga Co.
No. 6242.   Decided Oct. 4, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

187. BUILDINGS—Where contract provides that owner is to furnish all labor and material essential to the conduct of the work in such manner as not to delay its progress, and in case of failure so to do, to reimburse the other party, the owner becomes liable whether the delay was due to the owner's default, or to that of some other party with whom the owner had contractual relations.

First Publication of this Opinion

MAUCK, P. J.

The Cummins-Blair Co. commenced its action originally in the Cuyahoga Common Pleas against the Mason Tire & Rubber Co., setting up a contract entered into between the parties by which it sought to recover for damages sustained by reason of delays caused by the Rubber Co. and for extra work done under the contract.   The Rubber Co. admitted owing a smaller amount than claimed by the plaintiff.

The lower court gave the contract sued upon a construction so that it was impossible for plaintiff to recover more than the defendant admitted was owing.   Plaintiff made several proffers of evidence designed to require a construction of the contract but these offers to prove were objected to by the defendant and the objections sustained.   Error was prosecuted by the plaintiff to reverse the judgment and various rulings of the court in sustaining the objections were assigned as error.   The Court of Appeals held:

1. The first group of offers to prove go to plaintiff's claim that there is to be implied from the contract that the physical surroundings at the place where the contract was to

be performed should continue during the progress of the work, in substantially the same condition as they were in at the time the contract was made.

2. The effeffcfft of the holding of the trial court was that the language of the contract was so explicit as to negative any possibility of such an implied contract as claimed by plaintiff, and that any testimony tending to give to the contract such interpretation, was contradictory to its terms.

3. We cannot agree with this view.   A cardinal rule of construction is that a written agreement contains all that may fairly be implied from its terms.

4. If plaintiff had proved what it offered to prove, the court would be bound to hold that the language under consideration carried with it the implied agreement on part of defendant that plaintiff would be permitted to perform under the conditions as they appeared to exist when the site was inspected.

5. With respect to delaying of the work the terms quoted in the contract were "must be enforced as written."   This is equivalent to saying that the language as written, to wit, that the owner agrees to provide all labor and materials essential to the conduct of the work in such manner as not to delay its progress and upon failure so to do, to reimburse the other party, makes such owner liable whether the delay was actually owing to the owner's default or owing to the default of some other party with whom such owner had contractual relations.

This interpretation is in conflict with the judgment in the case of Forschner Co. v. Third Reformed Church, 3 Abs. 24.)

Judgment reversed and case remanded.

(Sayre & Middleton, JJ., concur.)

Attorneys—Squire, Sanders & Dempsey for plaintiff; Tolles, Hogsett, Ginn & Morley for defendant; all of Cleveland.