John P. Novatny Electric Company, Appellant, v.
The State of Ohio, Appellee.

(No. 75AP-306—Decided December 2, 1975.)

*Weick & Genovese Co., L. P. A.,* and *Mr. Leland D. Cole,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Steven L. Ball,* for appellee.

*Messrs. Knepper, White, Richards & Miller, Mr. John A. Jenkins* and *Mr. James A. Readey,* for amicus curiae Ohio Contractors Association.

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey,* and *Mr. Stephen Lewis,* for amicus curiae Ohio Conference of NECA Chapters.

Whiteside, J. Plaintiff appeals from a judgment of the Court of Claims dismissing its complaint, and raises a single assignment of error, as follows:

"The Court of Claims' dismissal of Novatny's complaint should have been without prejudice with leave granted as to the filing of a subsequent amended complaint on the same cause of action against the Board of Trustees of the University of Akron which was the principal contract-

ing party with Novatny, because in Ohio there is an implied duty incumbent upon a contracting party or its agent not to hinder or delay the performance of another contracting party.''

In its complaint, plaintiff alleges that:

''* * * on July 25, 1969, Plaintiff entered into a Contract with the state of Ohio acting by and through the Department of Public Works, pursuant to its statutory authority for the Board of Trustees for the University of Akron for the performance of a prime electrical contract on the Performing Arts Hall at the University of Akron, Akron, Ohio. * * *''

A copy of the contract was attached to and made part of the complaint. In the caption of the complaint, the defendant is referred to as the state of Ohio, Department of Public Works, with no mention being made in the caption of the board of trustees of the University of Akron, an apparent noncompliance with Civ. R. 10(A) and C.C.R. 5(A).

In the complaint, plaintiff alleges that the state of Ohio caused delay of the performance by plaintiff of the contract, resulting in damages to plaintiff. Specifically, it is alleged that the state, through its architect, ''prepared improper, inaccurate and incorrect architectural, structural and mechanical drawings,'' and that the state ''failed and neglected to compel delinquent contractors to promptly perform their portions of the contract and coordinate and connect the same with plaintiff so that the job could be properly manned and completed in a diligent fashion.'' It is further alleged that the state ''required the plaintiff to stop work or to reduce substantially its work force and wait until the completion of some other portion of the work to be done by another contractor before permitting plaintiff to proceed with the completion of its work.'' The contract required the work to be completed by plaintiff on or before December 22, 1971, and plaintiff alleges that it would have been able to do so had it not been delayed in performance by the state. The time of final completion is not alleged in the complaint; however, the allegations

of the complaint indicate that the alleged period of delay was substantial, and the briefs indicate that completion was some 500 days beyond the original 875 consecutive calendar days provided by the contract for completion.

The contract provides that the contractor shall pay the owner liquidated damages in the amount of $100 for each day that completion of the work is delayed by the fault of the contractor. There is no indication in the record that any such damages were assessed against plaintiff in this instance.

With respect to who is the "owner," the contract provides that the agreement is made by "the state of Ohio, acting by the department of public works for the board of trustees of the University of Akron, party of the second part, hereinafter referred to as the owner." The contract further provides in Article I, as to the scope of the work:

"The contractor, under the direction and to the satisfaction of the director of the department of public works, hereinafter designated the director, shall and will provide all materials, necessary tools, expendable equipment, and all utility and transportation services, and perform all labor necessary to complete all the work * * *."

As to payment, Article II of the contract provides: "The owner shall pay the contractor for the performance of this contract as follows * * *."

The contract was executed on behalf of the state by the director of the department of public works under the designation, "state of Ohio acting by department of public works." The contract was also signed as 'considered and approved" by the vice president for planning and secretary of the board of trustees of the University of Akron under the designation, "approval by board and officer having charge of institution."

The defendant, department of administrative services, division of public works (formerly the department of public works), filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. Defendant contends that the board of trustees of the University of Akron, rather than the department of public

works (or the department of administrative services, division of public works, as it is now known); is the proper party defendant. Defendant further contends that the complaint does not state a claim for relief against the state of Ohio, regardless of which agency of the state is named defendant. The Court of Claims sustained the motion upon both grounds, resulting in this appeal.

R. C. 2743.13(A) provides, as follows:

"The complaint or other pleading asserted in the court of claims against the state shall name as defendant each state department, board, office, commission, agency, institution or other instrumentality whose actions are alleged as the basis of complaint."

The allegations of the complaint set forth the circumstances and refer both to the department of public works and to the board of trustees of the University of Akron. However, the complaint, in the caption or otherwise, does not specifically designate the board of trustees of the University of Akron as a defendant. C.C.R. 5(A) requires each defendant to be named and designated as such in the caption of the complaint. It is clear from the complaint that it is actions of the director of the department of public works that are alleged as the basis for the complaint. However, defendant contends, and perhaps correctly so, that these actions by the director were performed as "agent" for the board of trustees of the University of Akron, for whom the building involved was being constructed. R. C. 2743.19(A) provides that:

"In rendering a judgment against the state, the court of claims shall determine and specify in the judgment the department, office, bureau, commission, board, agency, institution, or other instrumentality of the state against which a determination of liabilty has been made."

The ultimate determination of the department or agency of the state liable for a judgment against the state is to be made by the Court of Claims in rendering its judgment. Pursuant to the allegations of the complaint and R. C. 2743.13(A), the department of public works is a proper party defendant to this action. The contract and the com-

plaint allege that the state of Ohio acted by the department of public works, albeit for the board of trustees of the University of Akron. The department of public works is authorized to make certain contracts for the construction of buildings under the control of the state, pursuant to R. C. 123.01(A)(3). Why in this particular instance the contract was made by the department of public works, rather than by the board of trustees of the University of Akron, as would seem to be permitted by R. C. 123.01(A)(3), is not clear from the record herein. However, it was the department of public works who executed the contract, through whom the state acted, and under whose direction, and to whose satisfaction plaintiff was required to perform the contract.

On the other hand, it would appear that the board of trustees of the University of Akron is a necessary party defendant to this action. However, a nonjoinder of the board of trustees is not a ground for dismissal but, rather, is a ground for applying Civ. R. 19(A), as to a party in whose absence complete relief cannot be accorded among those already parties. Civ. R. 19(A) provides: "If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party * * *."

The contract herein contains no provision for payment of damages by the state in the event of unreasonable delay in performance caused by the state, nor any provision prohibiting the payment of such damages. By R. C. 2743.02(A), the state has waived its immunity from liability and consented to have its liability determined "in accordance with the same rules of law applicable to suits between private parties." The rule of law applicable between private parties is well stated in 13 American Jurisprudence 2d 53, Building and Construction Contracts, Section 50:

"In the absence of contractual provisions to the contrary, a building or construction contractor has a right to recover damages resulting from a delay caused by the default of the contractee. * * * In order for a contractor to

recover in such a case, however, it must be shown that there was a default by the contractee, that this caused a delay in the work of the contractor, and that the contractor was damaged by the delay. * * *''

See also *Visintine & Co.* v. *New York, Chicago & St. Louis Rd. Co.* (1959), 169 Ohio St. 505; *Mason Tire & Rubber Co.* v. *The Cummins-Blair Co.* (1927), 116 Ohio St. 554; and *Nix, Inc.,* v. *City of Columbus* (1959), 111 Ohio St. 133.

Although *Visintine* involved an action by one contractor of the state against another contractor of the state, the Supreme Court stated, at page 508 of the *per curiam* opinion, that:

''The state of Ohio owed certain duties to plaintiff under the contract entered into between them. Among those duties was that of providing plaintiff with a site on which it could perform its work without hindrance or delay and of doing those things which it promised to do at such time and in such manner as would not hinder or delay the plaintiff. Even though the state, because of governmental immunity, can not be sued for its failure to perform those duties, the duties nevertheless existed. * * *''

It is this type of duty which the complaint alleges the state breached in this instance. *Mason Tire* is also applicable. Although neither the statement of the case, nor the opinion in *Mason Tire* is clear as to the provisions of the contract involved, there was apparently an express provision in the contract that the owner would furnish certain labor or material and would be responsible for damages caused by delay in so doing. (See *Cummins-Blair Co.* v. *Mason Tire & Rubber Co.* [1926], 5 Ohio Law Abs. 264.) However, there were other grounds of alleged delay on the part of the owner involved in *Mason Tire.* Specifically, at page 560 of the opinion, it is stated:

''On the next group of offers to prove, Nos. 13 to 20, inclusive, involving the question of the relation of the Osborn Engineering Company, the architect and engineer in charge of the construction, and the right of plaintiff to recover damages from the owner by reason of the delay

caused by the inadequacy of the designs, drawings, and plans, and other inefficiencies on the part of the engineering company, Marshall, C. J., Robinson, Allen, Matthias, Kinkade and Day, JJ., all the judges participating in the consideration of this case, are of opinion that it was error to exclude such offers to prove, and that the evidence relative thereto was admissible.''

This is essentially similar to the claim of paragraph 8 of the complaint, that the architect ''prepared improper, inaccurate and incorrect architectural, structural and mechanical drawings.''

The complaint does state a claim for relief against the state of Ohio, with the department of public works as defendant, even though the board of trustees of the University of Akron should have been joined as a party defendant. Whether plaintiff can produce evidence proving the allegations of its complaint cannot be determined at the pleading stage, nor can the determination of which state department is responsible for any judgment be made at the pleading stage. The trial court should have ordered that the board of trustees of the University of Akron be joined as a party defendant, pursuant to Civ. R. 19, rather than dismissing the complaint. The assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, and the judgment of the Court of Claims is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

HOLMES and REILLY, JJ., concur.