BUNNEL, APPELLEE, v. STATE OF OHIO ET AL., APPELLEES;
OHIO EXPOSITION CENTER, APPELLANT.

[Cite as Bunnel v. State (1977), 55 Ohio App. 2d 39.]

(No. 77AP-387—Decided December 15, 1977.)

Mr. J. William Duning, for appellee Lois Bunnel.

Mr. William J. Brown, attorney general, and Mr. William J. Mooney, for appellant.

Messrs. Lane, Alton & Horst, Mr. William Millard and Mr. David Wm. T. Carroll, for appellee Columbus Ambulance Service.

STRAUSBAUGH, P. J.  This is an appeal by defendant Ohio Exposition Center from a judgment of the Court of Claims finding that it has jurisdiction of the parties, the subject matter, and the cause of action, and rendering judgment in favor of plaintiff against the Ohio Exposition Commission, operator of the Ohio Exposition Center, in the sum of $10,000 plus interest and costs.  Also before us is the motion to dismiss filed by third-party defendant Columbus Ambulance Service.

The record indicates that plaintiff sued the state of

Ohio and the Ohio Exposition Center in the Court of Claims for injuries sustained in a fall on the Ohio State Fair Midway, when plaintiff was forced aside and to the ground by two passing ambulances, operated by the state of Ohio and the Ohio Exposition Center, which caused her to trip over an electric cable. The record further indicates that defendant attempted to join, as a third-party defendant, Columbus Ambulance Service, which was initially joined as a third-party defendant, but was subsequently dismissed *sua sponte* by the trial court, "[i]n accordance with the decision in *Huffman-Wolfe* v. *State of Ohio, et al.* [1976], Case No. 76AP-31." Subsequently, defendant moved for leave to join Gooding Amusement Company as a third-party defendant, which motion was denied by the trial court for the reasons stated in the dismissal order of Columbus Ambulance Service.

Defendant brings two assignments of error:

"1. The Court of Claims erred in refusing to permit the appellant to name two third party defendants in the case as provided by Rule 14(A), Ohio Rules of Civil Procedure.

"2. The Court of Claims erred in concluding that unemployment compensation benefits paid to the appellee would not reduce the judgment as provided by section 2743.02(D), Ohio Revised Code."

Civ. R. 14(A) provides, in part:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

The trial court, in its order dismissing Columbus Ambulance Service as a third-party defendant, stated that it found the "* * * issues attempted to be raised by defendant's third-party complaint do not relate to any claim of plaintiff against the Ohio Exposition Center. * * *" However, in the opinion which is the basis for this appeal, the court held:

"* * * Defendant has a right of action against Gooding

Amusement Company and Columbus Ambulance Service, Inc., for contribution or total indemnification * * *."

We find that defendant's first assignment of error is well taken and that the Court of Claims erred in refusing to allow defendant to implead the third-party defendants even though it recognized the right of contribution by the third-party defendants to the third-party plaintiff, Ohio Exposition Center. The trial court apparently misunderstood the finding of this court in *Huffman-Wolfe* v. *State*, unreported, No. 76AP-31, decided August 17, 1976, wherein we held that where an issue or claim between a third-party defendant and the defendant is severable from the claim litigated between a plaintiff and the defendant, the issue between the plaintiff and defendant shall be decided by the trial court and a jury shall be impaneled to sit in the Court of Claims to decide the issues raised between the third-party plaintiff and the third-party defendant. This is in keeping with Sixth Amendment requirements and is also in keeping with our goals of judicial economy.

R. C. 2743.11 provides that no claimant in the Court of Claims shall be entitled to have his claim against the state determined by a trial by jury. Parties retain their right to trial by jury in the Court of Claims of any claims not against the state. Inasmuch as there is a right to contribution among joint tortfeasors in accordance with R. C. 2307.31 and 2307.32, the proper procedure would have been for the trial court to allow the impleader, impanel a jury for the severable issues relating to the third-parties and try the entire cause of action in one hearing before the court. A defending party has an absolute right to bring in a proper third-party, if he asserts his claim to third-party practice in a timely manner. McCormac, Civil Rules Practice 188, Section 8.22 (1970); also *Bill Swad Leasing Co.* v. *Morris the Florist*, unreported, Tenth Appellate District, No. 76AP-211, decided August 10, 1976. Here the state did not appeal the judgment rendered by the trial court, but, rather, the dismissal of the third-party defendants. Therefore, the judgments in favor of plaintiff must stand as being fairly and ably litigated. We find defendant's first assign-

ment of error to be well taken and the cause is therefore remanded to the Court of Claims where the defendant may implead the third-party defendants.

Defendant's second assignment of error raises the question of whether the judgment should be reduced by the amount of unemployment compensation received by plaintiff. R. C. 2743.02(D) provides:

"Judgments under sections 2743.01 to 2743.20 of the Revised Code against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery by the claimant."

The evidence herein indicates that plaintiff was awarded unemployment compensation benefits of $66 per week for a 52 week period commencing November 1976. These benefits are money payments payable to a person who has established benefit rights for loss of wages due to unemployment, not as a result of injuries received from a fall on the Ohio State Fair Grounds. We find that the trial court was correct in determining that such benefits do not constitute collateral recovery for the injuries sustained by plaintiff. Even if it were determined to be a collateral recovery, we find that there would be no prejudice to defendant, inasmuch as the trial court concluded that the future pain and suffering to plaintiff constituted damages in excess of $15,000 and that plaintiff's future wage loss was in excess of $40,000 but that the trial court was limited in awarding a judgment to $10,000, the amount of the prayer. Defendant's second assignment of error is overruled.

We overrule the motion to dismiss filed by Columbus Ambulance Service. Its argument, that it had no opportunity to participate in the trial of the cause in the Court of Claims after being dismissed by the trial court, we find to be not well taken. Columbus Ambulance Service could have appealed the judgment rendered by the Court of Claims, but chose not to do so. In any subsequent trial, the third-party defendant may bring all defenses which it has against the third-party plaintiff as well as any defenses which might have been pursued at the original trial. For the foregoing reasons the judgment of the Court of Claims

is reversed and the cause is remanded for further proceedings in accordance with law and this decision.

*Judgment reversed and cause remanded.*

REILLY and McCORMAC, JJ., concur.