COLLINS, APPELLANT, *v.* UNIVERSITY OF CINCINNATI ET AL., APPELLEES.

(No. C-800368—Decided October 28, 1981.)

Mr. *Charles S. Kamine,* for appellant.
Mr. *Sidney Weil,* for appellees.

PALMER, J. On May 22, 1978, plaintiff-appellant, Michael Collins, filed suit in the Court of Claims against the defendants-appellees, the University of Cincinnati (University) and Raymond Walters College, alleging that the University had breached its contract in not conferring upon him a certain degree. For the purposes of our disposition of this matter, it is important to note·that prior to July 1, 1977, the University was a state-affiliated, municipal educational institution, and not an agency of the state of Ohio. While the legislation creating the state university was effective as of April 8, 1976 (see 136 Ohio Laws, Part II, 2970 *et seq.*), it was not until this latter date (July 1, 1977) that the state assumed the assets and obligations of the institution under a transition agreement. So much, indeed, is not disputed by the parties.

In the complaint, appellant asserted that there existed a contract implied in law during the period 1975-76 as a result of his paying tuition and satisfactorily performing and completing the requisite course work — conduct for which the University had the duty of conferring upon him an appropriate academic degree. Appellant alleged that on the day of graduation, June 4, 1976, the University failed to perform its part of the bargain and, as a direct result of that failure, he suffered damages amounting to $15,000. Following the filing of a supplemental complaint, the University moved to dismiss the action on the grounds that the Court of Claims lacked subject matter jurisdiction. On November 15, 1978, the Court of Claims granted the University's motion and dismissed appellant's complaint on the grounds that since the cause of action accrued prior to July 1, 1977 (the date on which the state formally assumed the assets and obligations of the University), appellant had not asserted a claim against the state of Ohio, despite the fact that the University was a state institution at the time the suit was filed. Appellant did not appeal this decision.

Instead, appellant filed a complaint in the Court of Common Pleas of Hamilton County on May 4, 1979, in which he reasserted his claim for breach of contract against the University. The University

moved to dismiss this complaint on the grounds that since it was this time (*i.e.*, on and after July 1, 1977) a state institution, the common pleas court lacked jurisdiction over the subject matter, asserting that the Court of Claims had exclusive original jurisdiction, and that any award would have to be borne by the state under the transition agreement. The University also argued that since appellant's claim was against the state, the applicable statute of limitations, contained in R.C. 2743.16, barred any cause of action filed more than two years from the date of accrual. On April 28, 1980, the Court of Common Pleas of Hamilton County dismissed appellant's complaint, but failed to note the specific reasons therefor.

From this judgment, appellant has taken this timely appeal in which he asserts that it was error for the trial court to dismiss the action either for want of jurisdiction or because it was barred by the statute of limitations. For the reasons stated herein, we agree and sustain the instant assignment of error.

Prior to the enactment of the Court of Claims Act, R.C. Chapter 2743 (see 135 Ohio Laws, Part II, 869 *et seq.*), the state of Ohio and its various instrumentalities were protected from suit under the doctrine of sovereign immunity. See *Thacker* v. *Bd. of Trustees of Ohio State Univ.* (1973), 35 Ohio St. 2d 49 [64 O.O.2d 28]. However, the Act waived the defense of immunity in certain situations where an instrumentality of the state was alleged to have committed an act for which, if committed by a private person, a cause of action would accrue to the injured party. R.C. 2743.02(A). See *Smith* v. *Wait* (1975), 46 Ohio App. 2d 281 [75 O.O.2d 560]; *John P. Novatny Electric Co.* v. *State* (1975), 46 Ohio App. 2d 255 [75 O.O.2d 412]. Cf. *Mossman* v. *Donahey* (1976), 46 Ohio St. 2d 1 [75 O.O.2d 1]. Under the Act, a state university is considered to be an instrumentality of the state, thus amenable to suit. R.C.

2743.01(A). See *Behrend* v. *State* (1977), 55 Ohio App. 2d 135 [9 O.O.3d 280]. Exclusive original jurisdiction to entertain suits against the state, however, is vested in the Court of Claims and any suit filed against a state agency in a court other than the Court of Claims must be dismissed for lack of subject matter jurisdiction. R.C. 2743.03(A). See *State, ex rel. Ferguson,* v. *Shoemaker* (1975), 45 Ohio App. 2d 83 [74 O.O.2d 109]. Thus, the University argues that since appellant's suit was filed against a state university, the common pleas court did not have jurisdiction to entertain the matter and properly dismissed the complaint. The University's position in this regard, however, is predicated upon an incorrect premise.

In the instant case, appellant's cause of action clearly arose on June 4, 1976, the date upon which the University is alleged to have breached the implied contract by not conferring the proper academic degree. *Behrend* v. *State, supra.* See, also, *Wachs* v. *State* (Aug. 16, 1978), Franklin App. No. 78AP-292, unreported. The University was, at the time the cause of action accrued, a state-affiliated municipal university and not an agency of of the state of Ohio. The distinction is critical. The fact that the University was in transition from municipal control to state control and under an agreement to transfer its assets and obligations to the state of Ohio during the period in which appellant's contract claim arose is irrelevant. This court has held, in *Terrell* v. *Williams* (Jan. 23, 1980), Hamilton App. No. C-780724, unreported, that where a cause of action against the University arises prior to July 1, 1977, the resulting complaint is against the University as a municipal instrumentality and the municipality must be held responsible for the acts of its agencies. In *Terrell,* this court reasoned that where a cause of action in negligence arose prior to the transfer of assets and obligations to the state, the duty of care, if any, was owed

by the municipal institution and not by the state of Ohio. The common pleas court, therefore, possessed jurisdiction over the subject matter. *Id.* In essence, the University's transfer of assets and liabilities on July 1, 1977, did not affect the *jurisdictional* requirement for causes of action arising before that date. Under the reasoning of *Terrell,* therefore, the common pleas court erred in dismissing appellant's complaint for want of jurisdiction.

This position, it may be noted, is consistent with the decisions of the Court of Claims in *Larup* v. *Cincinnati Gen. Hosp.* (Feb. 15, 1978), Ct. Cl. No. 77-0777, unreported, and *Pellathy* v. *Univ. of Cincinnati* (Nov. 20, 1978), Ct. Cl. No. 78-0602, unreported, in which the court dismissed complaints against the University for causes of action accruing prior to July 1, 1977. As the court stated in *Larup* v. *Cincinnati Gen. Hosp., supra:* "Whether, and to what extent, if any, the municipal university's liabilities and particularly plaintiff's claim have been assumed by the state university can have no effect on plaintiff's suit. The duty was owed to him by the municipal university. * * *" As such, concluded the *Larup* court, the Court of Claims lacked jurisdiction over the subject matter.

It may be, as the University argues, that any resultant judgment against it for money damages will have to be paid from state funds, since it is now an instrumentality of the state of Ohio, which has assumed ultimate responsibility for the University's obligations. But this proposition rests upon the contractual relationship between the municipal university and the state of Ohio, a contract to which appellant was not a party and under which appellant asserts no claim of right. This facet of the case does not alter the original authority of the common pleas court to hear the cause of a plaintiff who alleges that the University breached a contract while it was a municipal facility. In this event, it is for the University to determine whether it will defend the suit alone and, if unsuccessful, then seek its contractual indemnification from the state or, in the alternative, implead the state under R.C. 2743.03(E)(1) and remove the cause to the Court of Claims.[1] In either case, the burden is upon the University if it seeks to rely upon its agreement with the state. The initial jurisdiction of the common pleas court over appellant's complaint is unaffected.

Finally, the University argues that since the complaint states a cause of action against a state agency, the two-year statute of limitations contained in R.C. 2743.16 is applicable as a bar to appellant's action. Given our resolution of the jurisdictional issue, this argument is equally without merit. At the time the cause of action accrued, the University was not a state agency. Jurisdiction continued in the common pleas court unaffected by the special limitation period contained in R.C. 2743.16. The applicable limitation period is that contained in R.C. 2305.07, the general limitation requiring an action for breach of an implied contract to be pled within six years from date of accrual. See, *e.g., Ohio Cas. Ins. Co.* v. *Ford Motor Co.* (C.A. 6, 1974), 502 F.2d 138; *Stephenson* v. *Duriron Co., Inc.* (S.D. Ohio 1968), 292 F. Supp. 66 [48 O.O. 2d 137], affirmed (C.A. 6, 1970), 428 F.2d 387, certiorari denied (1970), 400 U.S. 943; *Pengelly* v. *Thomas* (1949), 151 Ohio St. 51 [38 O.O. 519]. The record in this case clearly indicates that appellant's complaint was filed within this statutory

---

[1] R.C. 2743.03(E)(1) provides, in pertinent part, that: "A party who files a counterclaim against the state *or makes the state a third-party defendant in an action commenced in any court,* other than the court of claims, shall file a petition for removal in the court of claims. * * *" (Emphasis added.) Thus, the duty of removal in this case rests upon the University. See *Bunnel* v. *State* (1977), 55 Ohio App. 2d 39 [9 O.O.3d 203].

limitation. If the special two-year limitation period provided in R.C. 2743.16 applies at all, a question we are not required to decide, its thrust should be debated in the subsequent action, if any, in the Court of Claims pursuant to the University's proceeding against the state for indemnification.

The assignment of error is sustained. The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this decision and according to law.

*Judgment reversed and cause remanded.*

BLACK, P.J., and SHANNON, J., concur.