**Karlene DILLION, et al., Plaintiffs,**

v.

**UNIVERSITY HOSPITAL, et al., Defendants.**

**Civ. No. C-1-88-1041.**

United States District Court, S.D. Ohio.

July 21, 1989.

Julius Sanks, Cincinnati, Ohio, for plaintiffs.

John Gall, Columbus, Ohio, and Richard Hopple, Cincinnati, Ohio, for defendants.

### ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon the Motion of defendant University Hospital to Dismiss or Remand for Want of Jurisdiction (doc. no. 8). Memoranda in opposition to and in support of such motion have been filed by the parties (doc. nos. 17, 20). For the reasons contained herein defendant University Hospital's motion is hereby granted and plaintiffs' claims against such defendant are hereby dismissed.

Defendant University Hospital submits that pursuant to Fed.R. of Civ.P. 12(b)(1) the plaintiffs' claims should be dismissed against them since this defendant is immune from suit pursuant to the sovereign immunity principles embodied in the Eleventh Amendment. In the alternative, defendant moves that the claims against them be remanded to the Court of Common Pleas for Hamilton County, Ohio pursuant to 28 U.S.C. § 1447.

Defendant University Hospital initially contends that it is operated and staffed by the University of Cincinnati and is an integral part of the University of Cincinnati. The basis of Defendant's contention is that the University of Cincinnati is a state institution organized under the provisions of Chapter 3361 of the Ohio Revised Code.

Defendant further argues that in the United States Court of Appeals for the Sixth Circuit has held that state universities are "part of the State" for Eleventh Amendment purposes. *Hall v. Medical College of Ohio,* 742 F.2d 299, 303 (6th Cir.1984); *Bailey v. Ohio State University,* 487 F.Supp. 601 (S.D.Ohio 1980). In opposition to such positions plaintiff asserts that defendant University Hospital has waived its Eleventh Amendment immunity by consenting to being sued under Ohio Revised Code § 2743.02. Plaintiff further submits that this matter presents a federal question and the severance of any state law claims will unnecessarily duplicate the litigation of this action.

■ The Eleventh Amendment to the United States Constitution provides that:
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Thus, in *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890) the United States Supreme Court held that despite the limited terms of the Eleventh Amendment, a Federal Court may not entertain a suit brought by citizen against his own state. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Eleventh Amendment precludes not only actions in which the State is directly named as a party, but also actions brought against a state agency or state officer where the action is essentially one for recovery of money from the state treasury. *Graham v. N.C.A.A.,* 804 F.2d 953, 959 (6th Cir.1986). This concept was derived from the principles of sovereign immunity which are a constitutional limitation upon the Federal Judicial powers established in Article III. That provision states:
> That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this

Court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given: not one brought by citizens of another state, or by citizens or subjects of a foreign state, because of the Eleventh Amendment; and not even one brought by its own citizens, because of the fundamental rule of which the amendment is but an exemplification.

*Pennhurst State School and Hospital, supra,* at [465 U.S. at] 98 [104 S.Ct. at 907].

This Court is mindful that a State's sovereign immunity may be waived and the Supreme Court of the United States has consistently held that a State may consent to suit against it in Federal Court. *Pennhurst State School & Hospital v. Halderman, supra* at 99, 104 S.Ct. at 907. However the Supreme Court has insisted that the State's consent must be unequivocally expressed. *Id.* Waiver must be indicated "by the most express language or by such overwhelming implications from the text that leaves no room for any other reasonable construction." *Allinder v. State of Ohio,* 808 F.2d 1180 (6th Cir.1987). This limitation recognizes a State's constitutional interest in immunity not only as to *whether* it may be sued, but also *where* it may be sued. *Id.*

The State of Ohio has clearly and unequivocally set forth in Ohio Revised Code § 2743.02 that it has waived its immunity and consented to be sued only in the Court of Claims. In so doing, the State of Ohio has left no reasonable construction that it has waived its Eleventh Amendment immunity to suit in Federal Court. See *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir.1982); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir.1985).

■ When an action is brought against a public agency or institution, the application of the Eleventh Amendment turns on whether that agency or institution can be characterized as an arm or alter ego of the State, or whether it should be treat-

ed instead as a political subdivision of the State. *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Municipalities, counties and other political subdivisions (i.e. public school district) do not partake in the State's Eleventh Amendment immunity. *Id.* However, the question of Eleventh Amendment immunity for public colleges and universities has developed into a trend for finding such institutions to be arms of their respective state governments and thus immune from suit. *Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir.1984) (citations omitted).

The United States Court of Appeals for the Sixth Circuit has qualified the above "development" in that "each state university exists in a unique governmental context and therefore each one must be considered on the basis of its own peculiar circumstances." *Soni v. Board of Trustees*, 513 F.2d 347, 352 (6th Cir.1975) *cert. denied*, 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976).

Ohio Revised Code § 3345.011 defines "state university" as a public institution of higher education which is a body politic incorporate. Each of the following institutions of higher education shall be recognized as a state university: University of Akron, Bowling Green State University, Central State University, *University of Cincinnati*, Cleveland State University, Kent State University, Miami University, Ohio University, Ohio State University, University of Toledo, Wright State University and Youngstown State University. (Emphasis added). This Court further observes that Ohio Revised Code § 3361.01–.05 creates the University of Cincinnati as a state university. Moreover, Ohio Revised Code § 2743.01(a) provided that a state university is an instrumentality of the state and is amenable to suit in the Court of Claims. See *Collins v. The University of Cincinnati*, 3 Ohio App.3d 183, 444 N.E.2d 459 (1981). Thus, it is clear to the Court that University of Cincinnati is an arm of the State and not a political subdivision thereof.

This Court further finds the case of *Hall v. Medical College of Ohio at Toledo, supra*, instructive on the issue of sovereign immunity. In that case the Sixth Circuit followed a Third Circuit decision by examining the peculiar circumstances of different colleges and universities:

... [L]ocal law and decisions defining the status and nature of the agency involved in its relation to the sovereign are factors to be considered, but only one of a number that are of significance. Among the other factors, no one of which is conclusive, perhaps the most important is whether, in the event plaintiff prevails, the payment of the judgment will have to be made out of the state treasury; significant here also is whether the agency has the funds or the power to satisfy the judgment. Other relevant factors are whether the agency is performing a governmental or proprietary function; whether it has been separately incorporated; the degree of autonomy over its operation; whether it has the power to sue and be sued and to enter into contracts; whether its property is immune from state taxation, and whether the sovereign has immunized itself from responsibility for the agency's operations.

*Hall v. Medical College of Ohio at Toledo*, 742 F.2d at 302.

In regard to the above factors, the defendant University Hospital submits that it is an integral part of the University of Cincinnati and it has no separate legal or corporate existence apart from the University. Furthermore defendant University Hospital is operated and staffed by the University of Cincinnati and governed by the Board of Trustees of the University of Cincinnati.

This Court has considered the status of the University of Cincinnati under the doctrine of sovereign immunity in Ohio and also under the jurisdiction of the Court of Claims pursuant to Ohio Revised Code § 2743.01 et seq. In accordance with the factors listed above, this Court finds that defendant University Hospital is an agent of the University of Cincinnati and therefore an arm of the State of Ohio entitled to

Eleventh Amendment immunity in Federal Court. Accordingly and to the extent that plaintiffs' complaint seeks relief against the defendant University Hospital all claims against such defendant are hereby dismissed.

In conclusion, the motion of defendant University Hospital to Dismiss or Remand for Want of Jurisdiction is hereby GRANTED and all claims in this Court against defendant University Hospital are dismissed pursuant to the Eleventh Amendment. No opinion is expressed regarding any proceedings in Court of Claims of the State of Ohio.

IT IS SO ORDERED.