**CHAMBERS et al., Appellants,**

v.

**STEVENSON et al., Appellees.**

[Cite as *Chambers v. Stevenson* (1991), 71 Ohio App.3d 566.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1005.

Decided March 28, 1991.

*Martin, Pergram, Browning & Parker Co., L.P.A.,* and *Stephen D. Martin,* for appellants.

*James W. Vandeilen,* for appellee Ben S. Stevenson.

*Robins, Preston, Beckett, Taylor & Gugle Co., L.P.A.,* and *John A. Sentz, Jr.,* for appellee Bank One Trust Company, N.A.

BOWMAN, Presiding Judge.

On July 19, 1988, appellants, Cheryl Chambers, individually, and as a representative of the residuary contingent beneficiaries of the Rhea Belle Cornell Trust, and Charles Gordon Howard, primary beneficiary of the trust, filed a complaint in the Franklin County Court of Common Pleas against appellees, Ben S. Stevenson, the trust advisor, and Bank One Trust Company, N.A., the trustee of the trust. The complaint contains seven claims for relief.

On September 15, 1988, Bank One filed an answer and counterclaim including, as its seventh affirmative defense, failure to join a party under Civ.R. 19 or 19.1.

On February 9, 1989, appellants filed answers to the first set of interrogatories propounded by appellants upon appellee Bank One. In interrogatory No. 14, appellants requested that Bank One state the specific factual basis upon which it based its claim that there had been a failure to join a party under Civ.R. 19 or 19.1, to which Bank One answered that the defense was withdrawn. Although appellants allege that Bank One filed an amended answer on March 7, 1989, in which it admitted or denied all of the allegations of appellants' complaint setting forth five affirmative defenses, but not including the defense of failure to join a party, the record is devoid of an amended answer.

On February 17, 1989, appellants filed a motion for partial summary judgment against appellee Stevenson and, on February 21, 1989, appellants filed a motion for partial summary judgment against appellee Bank One.

A trial date was initially scheduled for July 3, 1989. On July 7, 1989, Bank One filed a motion for continuance of the trial date due to vacation plans on the part of its counsel. On June 26, 1989, the trial court sustained appellee's motion and continued the trial to December 4, 1989. On September 26, 1989, Bank One again filed a motion for a continuance due to the fact that its counsel would be out of state at a legal seminar. On November 30, 1989, the trial court ordered that the December 4, 1989 trial date would be vacated and the case was reassigned for trial on or after April 1, 1990. The trial was continued until June 18, 1990, and again rescheduled to May 15, 1990, then reassigned back to the June 18, 1990 trial date. The record is devoid of the reasons for these changes.

On April 23, 1990, Bank One had filed a motion for an order dismissing the complaint, alleging the court was without jurisdiction in the matter because of "defects in parties." In its memorandum in support of the motion to dismiss, Bank One relied upon Civ.R. 17(A) and 19(A). On May 8, 1990, appellants filed their memorandum contra motion to dismiss of appellee Bank One, a

request for sanctions, and a motion to join additional residual beneficiaries as party plaintiffs in this action. On May 17, 1990, Bank One filed a memorandum contra motion of plaintiffs to join additional parties and a reply to the motion.

On May 22, 1990, the trial court entered a dismissal order based on a hearing held on May 18, 1990, in response to Bank One's motion to dismiss for lack of necessary parties and appellants' May 8, 1990 motion to join additional parties as plaintiffs. The trial court overruled appellants' motion to join additional parties and sustained Bank One's motion to dismiss for lack of a necessary party. The trial court further vacated the June 18, 1990 trial date and dismissed the case other than on the merits and without prejudice. On May 29, 1990, appellants filed a motion for reconsideration of the May 22, 1990 dismissal order asking the court to reconsider on the basis of the case of *John P. Novatny Electric Co. v. State* (1975), 46 Ohio App.2d 255, 75 O.O.2d 412, 349 N.E.2d 328; and Civ.R. 17(A) and 19.1(A). On July 3, 1990, the trial court rendered a decision, overruled appellants' motion for reconsideration, which decision was journalized in a judgment entry dated July 26, 1990. Appellants appeal and assert the following assignments of error:

"ASSIGNMENT OF ERROR NO. 1

"The trial court committed prejudicial error in sustaining defendant Bank One Trust Company N.A.'s motion to dismiss and in dismissing the complaint of plaintiffs.

"ASSIGNMENT OF ERROR NO. 2

"The trial court committed prejudicial error in overruling the motion by plaintiffs to join additional residual beneficiaries as parties plaintiff."

Appellants' two assignments of error are related and will be discussed together.

Civ.R. 19(A) provides for joinder of persons if feasible. A person subject to service is required to be joined if: (1) in his absence complete relief cannot be accorded among those already parties; or (2) he claims an interest in the subject matter which in his absence his interest may be impaired either legally or practically, for those who are already parties may be subjected to a substantial risk of incurring multiple or inconsistent obligations by reason of his claimed interest; or (3) he has an interest relating to the subject matter of the action as an assignor, assignee, subrogor or subrogee.

If the pleader does not join any party falling within one of the above three categories, Civ.R. 19(C) requires him to state the name, if known, and the reasons for nonjoinder in his pleading asserting the claim for relief. Waiver is

applicable as provided in Civ.R. 12(G) and (H) if the defense is not timely asserted.

Although appellants did not state the name or the reasons for nonjoinder of the necessary parties in their complaint, there is no sanction set forth in the civil rules for failure to state the names and reasons in the pleading. In its answer, Bank One raised, as its seventh defense, a failure to join a party under Civ.R. 19 or 19.1; however, in response to appellants' interrogatories, the defense was withdrawn.

In its motion to dismiss, Bank One moved for a dismissal because of "defect in parties." Attached to its motion, Bank One referred to Civ.R. 17(A) and 19(A) in support of its motion to dismiss. Although it is unclear upon which rule the trial court relied on in sustaining Bank One's motion to dismiss, it did state in its dismissal order that all necessary parties were not present.

Civ.R. 17(A) dictates that every action shall be prosecuted in the name of the real party in interest. The rule further states that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.

On April 23, 1990, Bank One filed its motion to dismiss alleging that the real party in interest was not present. On May 8, 1990, appellants filed a motion to join the additional residual beneficiaries as plaintiffs. Therefore, appellants tried to cure the defect within a reasonable time and dismissal was not proper at this stage of the proceeding.

After Bank One filed its motion to dismiss because of defects in the parties, and appellants requested leave to join the additional parties, the court should have initially determined if the missing parties should be joined in accordance with the criteria set forth in Civ.R. 19(A) and/or if they were indispensable parties. If the trial court decided in the affirmative, then the court should have ordered them brought into the action or granted leave for appellants to cure the defect. Appellants did attempt to cure the defect by filing their motion to join the additional residual beneficiaries. Ignoring this motion, the trial court, instead, summarily dismissed the action. Civ.R. 17 and 19 are clear on their face. Furthermore, Civ.R. 21 specifically provides that misjoinder of parties is not a ground for dismissal of an action. Dismissal for failure to join a necessary party is warranted only when the defect cannot be cured. See *State ex rel. Bush, v. Spurlock* (1989), 42 Ohio St.3d 77, 537 N.E.2d 641. The court in *Spurlock*, at 81, 537 N.E.2d at 645, recognized the fact that " * * * Ohio courts have eschewed the harsh result of dismissing an

action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ.R. 19(A) (joinder if feasible) * * *."

This court in *John P. Novatny Electric Co., supra,* at the syllabus, stated:

"The nonjoinder of a person in whose absence complete relief cannot be accorded among those already parties is not a ground for dismissal, but such a situation calls for the application of Civ.R. 19(A)."

Therefore, if the residual beneficiaries were necessary parties, their absence alone would not justify summary dismissal.

Although the trial court appeared to have been disturbed at the length of time this case had been on its docket (almost two years), and with the trial date continuances, none of the continuances was at the request of appellants and the court was partly responsible for such delays. There is no evidence in the record that the trial court ever ruled on appellants' motion to join the residual beneficiaries until it dismissed the action or considered the effect of appellee's earlier withdrawal of the defense of nonjoinder.

Since dismissal for joinder reasons results only when an indispensable party cannot be joined, the trial court clearly abused its discretion in dismissing this case. The trial court should have ordered the residual beneficiaries to be joined as parties plaintiffs, pursuant to Civ.R. 19, rather than dismissing the complaint.

For the foregoing reasons, appellants' assignments of error are sustained, and the judgment of the trial court is reversed and this cause is remanded to the court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and KLINE, JJ., concur.

ROGER L. KLINE, J., of Pickaway County Court of Common Pleas, sitting by assignment.