DECISION AND JOURNAL ENTRY
Appellant-defendant, C.T. Taylor Company, Inc. ("C.T. Taylor"), appeals from a judgment of the Summit County Court of Common Pleas that awarded damages to appellee-plaintiff, John A. Englehart. We affirm.
C.T. Taylor is a general contractor and was awarded a contract for the Coventry Village Parking Facility in May of 1993. Esprit Constructors, Inc., was a subcontractor for the project. Mr. Englehart received a letter from the Department of Industrial Relations that advised him that he was entitled to payment of back wages at the prevailing wage level for his work.
Mr. Englehart filed a complaint against C.T. Taylor to recover wages and attorney's fees from C.T. Taylor In its answer, C.T. Taylor asserted a failure to join an indispensable party, Esprit Constructors, Inc., and a claim for indemnification against third-party defendant, the City of Cleveland Heights. C.T. Taylor moved to dismiss the suit on the basis of failure to join an indispensable party. The trial court denied the motion. On September 18, 1998, the trial court dismissed with prejudice C.T. Taylor's third party complaint against the City of Cleveland Heights.[1] The trial court also entered judgment in favor of Mr. Englehart to recover $7,163.64, plus interest, and reasonable attorney's fees from C.T. Taylor.
C.T. Taylor timely appealed and has raised two assignments of error.
ASSIGNMENT OF ERROR I
 The trial court erred in denying [C.T. Taylor's] motion to dismiss for failure to join an indispensable party.
C.T. Taylor contends that the trial court erred when it denied the motion to dismiss based upon the failure to join an indispensable party. We disagree.
In assessing a motion to dismiss pursuant to Civ.R. 19(B) for failure to join an indispensable party, an appellate court applies a de novo standard of review. Plumbers Steamfitters Local Union83 v. Union Local Sch. Dist. Bd. of Edn. (July 22, 1998), Belmont App. No. 97-BA-40, unreported, 1998 Ohio App. LEXIS 3660, at *3-4. Civ.R. 12(B)(7) provides:
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * failure to join a party under Rule 19 or Rule 19.1.
According to Civ.R. 19:
 A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H). If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas. (B) If a person as described in subdivision (A)(1), (2), or (3) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
(Emphasis added.) The Supreme Court of Ohio has recognized that dismissal pursuant to Civ.R. 19(B) is a harsh result that should be avoided when the defect can be cured. State ex rel. Bush v.Spurlock (1989), 42 Ohio St.3d 77, 81. See Chambers v. Stevenson
(1991), 71 Ohio App.3d 566, 570.
An indispensable party, for the purpose of dismissal pursuant to Civ.R. 19(B), has been defined as:
 one whose absence seriously prejudices any party to the action or prevents the court from rendering any effective judgment between the parties, or is one whose interests would be adversely affected or jeopardized by the judgment rendered between the parties to the action.
 Mere avoidance of multiple litigation is not a sufficient basis to render one an indispensable party.
Layne v. Huffman (1974), 43 Ohio App.2d 53, 59. In assessing whether a party was a necessary party pursuant to Civ.R. 19, the Eighth District Court of Appeals has concluded that a non-joined party was not necessary because the moving party was capable of pursuing a separate cause of action. Sciko v. Cleveland Ele.Illum. Co. (1992), 83 Ohio App.3d 660, 669.
In this case, C.T. Taylor contends that because Mr. Englehart failed to name the real party in interest, who was the actual subcontractor and employer of Mr. Englehart as identified in the "right to sue" letter, the trial court erred when it denied the motion to dismiss for failure to join an indispensable party. C.T. Taylor's argument lacks merit for several reasons. First, the legislative intent of R.C. 4115.10 allows for employees to name general contractors, subcontractors, or both when they initiate a suit based upon a right to sue letter against a subcontractor. Connell v. Wayne Builders Corp. (Jan. 30, 1996), Franklin App. No. 95APE07-897, unreported, 1996 Ohio App. LEXIS 301, at *8-10; Cremeans v. Jinco (June 5, 1986), Franklin App. No. 85AP-821, unreported, 1986 Ohio App. LEXIS, at *8-10; Harris v.Bennett (July 26, 1985), Lucas App. No. L-84-446, unreported, 1985 Ohio App. LEXIS 6820, at *3-5. Second, C.T. Taylor failed to demonstrate that it was incapable of pursuing a separate action against Esprit in subsequent litigation and therefore failed to show that Esprit was a necessary party. Assuming, arguendo, that C.T. Taylor established that Esprit could not be made a party and could be categorized as a necessary party as outlined in Civ.R. 19, C.T. Taylor failed to demonstrate that Esprit was an "indispensable" party to the action. Mere avoidance of further litigation between C.T. Taylor and Esprit does not make Esprit an "indispensable" party.
Based on the foregoing, the trial court did not err when it denied C.T. Taylor's motion to dismiss. C.T. Taylor's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 The trial court erred in finding that [C.T. Taylor] failed to pay [John A. Englehart] the appropriate prevailing wage for his form setting work at the
Coventry Parking Facility.
C.T. Taylor raises two arguments within its third assignment of error. We will address each contention in turn.
C.T. Taylor first contends that the trial court erred in determining that it failed to pay the appropriate prevailing wage based upon evidence of similar work in the county where the public improvement was located. Specifically, C.T. Taylor points to PipeFitters Union Local No. 392 v. Kokosing Constr. Co., Inc. (1998),81 Ohio St.3d 214, syllabus, to support its argument. In that case, the Supreme Court of Ohio concluded that courts may consider factors "other than past assignment of work in the county where the public improvement is located." Id. This conclusion, however, does not prevent courts from considering evidence of past assignment of work in the area.
C.T. Taylor also avers that is was appropriate for it to rely upon the prevailing wage schedule rate for laborers as provided in the contract by the Department of Industrial Relations and the City of Cleveland Heights. Although C.T. Taylor may have relied upon representations made by the Department of Industrial Relations and the City of Cleveland Heights when it assessed the prevailing wage for Mr. Englehart, this does not negate the fact that the Department of Industrial Relations later concluded that the prevailing wage statute was violated. Pursuant to the legislative intent of R.C. 4115.10, Mr. Englehart appropriately sought relief against C.T. Taylor, the general contractor.
Based on the foregoing, the trial court did not err in finding that C.T. Taylor failed to pay the appropriate prevailing wage. C.T. Taylor's second assignment of error is overruled.
C.T. Taylor's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR
FOR THE COURT CARR, J.
WHITMORE, J.
[1] The City of Cleveland Heights is not a party in this appeal. C.T. Taylor has not raised as error on appeal the dismissal of its claim for indemnification against the City of Cleveland Heights.