**Alan P. DAMIANO, et al., [Certified Class members] Plaintiffs,**

**v.**

**George G. MATISH, et al., Defendants.**

**No. G86–458 CA5.**

United States District Court,
W.D. Michigan.

May 4, 1988.

Milton L. Chappel, Richard Clair, Nat. Right to Work Legal Defense Foundation, Inc., Springfield, Va., Sam F. Massie, Jr., Allaben, Massie, Vanderweyden & Timmer, Grand Rapids, Mich., for plaintiffs.

Frank J. Kelley, Atty. Gen. by Todd B. Adams and Gary P. Gordon, Asst. Attys. Gen., Tort Defense Div., Lansing, Mich., for State defendants.

Pinsky, Smith, Fayette, Soet & Hulswit, A. Robert Kleiner by Michael Fayette, Grand Rapids, Mich., and Jordan Rossen, Gen. Counsel by M. Elizabeth Bunn; Michael B. Nicholson, Daniel W. Sherrick, Associate Gen. Counsel, Intern. Union, UAW, Detroit, Mich., for defendants-intervenors Intern. Union, UAW and UAW Local 6000.

## FINAL JUDGMENT

BENJAMIN F. GIBSON, District Judge.

To fulfill the mandate of the United States Court of Appeals for the Sixth Circuit herein, dated November 2, 1987, which was filed in this Court on November 4, 1987, the Court takes the following action. The Sixth Circuit on October 8, 1987, upon the appeal by the plaintiffs from the amended judgment of this Court, rendered and pronounced a judgment and mandate in favor of plaintiffs and the certified class members and against defendants, 830 F.2d 1363. The mandate requires this Court to enter "summary judgment in favor of plaintiffs."

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, pursuant to Fed.R.Civ.P. 56 & 58, that plaintiffs' motion for summary judgment is hereby granted as follows:

1. Judgment is hereby entered, pursuant to 28 U.S.C. § 2201, declaring that:

a) union security obligations between the State of Michigan defendants and the intervening defendants International Union, UAW and its Local 6000 are unenforceable as to plaintiffs and members of the class certified in this matter ("class members") in the absence of procedures that comply with the requirements of *Chicago Teachers*

*Union v. Hudson,* 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986);

b) the actions of the defendants in attempting to collect service fees from plaintiffs and class members in the absence of procedures which comply with the requirements of *Hudson* deprived plaintiffs and class members of their rights of expression and assembly as guaranteed by the First and Fourteenth Amendments; and

c) the Agency Fee Payer Objection Policy, adopted by the UAW on or about June 23, 1986, and amended on or about August 25, 1986 ("the Policy") did not meet the constitutional requirements for such policies as described by *Hudson.*

2. The First Counterclaim of defendant-intervenor UAW, seeking retroactive collection of service fees, is hereby dismissed, without prejudice. As a result, this judgment does not address the parties' contentions, claims or defenses in regard to either i) this court's jurisdiction over these matters, or ii) the merits of them.

3. The Second Counterclaim of the defendant-intervenor UAW, seeking declaratory judgment that its Policy complied with *Hudson,* is hereby dismissed, with prejudice.

4. Final Judgment is hereby entered in favor of the plaintiffs and class members (such class being certified and consisting of those nonmembers of the UAW employed by the State of Michigan within the Human services and Administrative support bargaining units who have not signed an authorization for the deduction of representation service fees from their wages) and against all defendants on the claim that attempts to collect service fees from plaintiffs and class members in the absence of procedures which comply with *Hudson* violated 42 U.S.C. § 1983.

5. All interlocutory orders issued in the present case are hereby dissolved.

6. Jurisdiction is retained over this action for the purpose of taxing costs from this court and considering any application for attorneys' fees which may be made by plaintiffs, pursuant to 42 U.S.C. § 1988.

7. This judgment precludes plaintiffs and class members from any other relief or damages for the pre-January 1, 1988 violations found herein. Nothing in this judgment shall preclude any relief or damages from being awarded to any party or class member with respect to any future acts to collect or require payment of service fees (including but not limited to any civil actions, arbitrations, deductions of service fees from wages, or penalties imposed on plaintiffs or class members for non-payment of service fees) asserted to be due for periods prior to entry of this judgment. This paragraph applies to all defendants currently or formerly named in this suit.

IT IS SO ORDERED.