Keith JORDAN, Paul Robinson, Plaintiff,

v.

CITY OF BUCYRUS, OHIO, Defendant,

v.

INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 1120, Third–Party Defendant.

No. 89–CV–1091.

United States District Court, N.D. Ohio, E.D.

June 25, 1990.

James R. Stokes, James A. Calhoun, Calhoun, Benzin, Kademenos & Heichel, Mansfield, Ohio, Glenn M. Taubman, National Right to Work Legal Foundation, Springfield, Va., for plaintiffs.

Michael J. Angelo, Johnson, Balazs & Angelo, Cleveland, Ohio, for City of Bucyrus, Ohio.

Stewart R. Jaffy, Stewart Jaffy & Assoc., Columbus, Ohio, for International Assoc. of Firefighters, Local 1120.

## ORDER

SAM H. BELL, District Judge.

Plaintiffs, Keith Jordan (Jordan) and Paul Robinson (Robinson) are two non-union firefighters employed by the defendant, the city of Bucyrus (the City), Ohio. They filed this civil rights action challenging the constitutionality of the defendant City's collection of union agency fees from them without providing or ensuring that the non-union employees are provided the required pre-collection procedures to protect their constitutional rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek declaratory judgment pursuant to 28 U.S.C. § 2201; temporary and permanent injunctive relief that enjoins the collection of such fees without the proper constitutionally correct plan; grant of restitution; award of nominal damages for the unconstitutional seizures; and award of costs and attorney fees pursuant to 42 U.S.C. § 1988. The City of Bucyrus filed a motion to dismiss for failure to join an indispensable party—the Union. That motion was denied on April 6, 1990. The court found that the City had independent constitutional obligations toward non-union employees under *Chicago Teachers Union v. Hudson*, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986). The court further advised that should the defendant desire to do so, it can join the Union under Rule 14 of the Federal Rules of Civil Procedure. The City promptly filed its answer and a third-party complaint against the Union.

Currently pending before the court is plaintiffs' motion for summary judgment. Defendant filed a brief in opposition to plaintiffs' motion and plaintiffs filed their reply.

## STATEMENT OF FACTS

Under the collective bargaining agreement (CBA) between the City and the International Association of Fire Fighters Local 1120, AFL–CIO (IAFF, Local 1120), Article III, the City contracted to deduct a service fee from non-Union employees. Plaintiffs' Exh. I. Allegedly, before the plaintiffs left the Union there were no other non-Union employees in the bargaining unit, thus there were no agency fee or service fee payers. Plaintiffs' Summary Judgment Exh. 3, Answer to first Interrogatory. On March 1, 1989, both plaintiffs were notified by the President of IAFF Local 1120 that

the agency fee for non-Union employees has been set at $11.00 per month, and that the City payroll clerk has been informed that it is an automatic deduction. Plaintiffs' Exh. II A, B. On March 2, 1989, plaintiffs notified "Shirley" (allegedly from the City's administration) to refrain from deducting the agency shop fee from non-Union members until some problems have been corrected. Plaintiffs' Exh. III. On March 7, 1989, John T. Bell, Service Safety Director for the City rejected the plaintiffs' request in the following letter:

> We cannot honor your request to discontinue withholding your fair share payment to your local 1120 union for the agency fee in the amount of $11.00 per month.
>
> We are bound by contract to withdraw your request.
>
> If you have any questions pertaining to this matter please go through the proper channels starting with Chief Easterday.

On March 20, 1989, plaintiffs' counsel, Glenn M. Taubman, sent a letter to Robert Clark Neff, Esq., the City's Law Director. In this two and one-half page letter, Mr. Taubman extensively discussed the applicable law and requested that the City deduct no agency fees from plaintiffs "until it acts to ensure that procedures meeting the aforementioned court decisions are established and operating." Further, he requested immediate refund for all fees already taken. Plaintiffs' Exh. V. No response was received. Jordan and Robinson Affidavits at ¶ 3. Deductions were continued. This cause of action was filed on June 8, 1989. Agency fee deductions ceased in July, 1989. *Id.* at ¶ 7. This correspondence and chronological factual statement is fully supported by admissible documentary evidence, as well as by attached copies of the City's answers to plaintiffs' interrogatories and requests for admissions.

## LAW AND DISCUSSION

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that as a matter of law, it is entitled to summary judgment. In reviewing a motion for summary judgment, a court must consider the pleadings, related documents and evidence and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979); *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Board of Ed. Cincinnati v. Department of H.E.W.*, 532 F.2d 1070 (6th Cir.1976). The inquiry performed at this stage is whether a trial is required to resolve genuine factual issues. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (citations omitted). *See, also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Sixth Circuit Court of Appeals has analyzed the effect these three Supreme Court cases have had on modern summary judgment practice. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989). Their conclusions recognize that pursuant to the principles outlined by the Supreme Court, summary judgment motions are now set in a favorable climate where cases may be more easily resolved on the paper record.

The constitutionally mandatory pre-collection and rebate procedures are clearly set forth in *Chicago Teachers Union v. Hudson, supra* and its progeny. The Sixth Circuit Court of Appeals explained and distinguished a municipality's responsibilities and obligations in *Tierney v. City of Toledo*, 824 F.2d 1497, 1504–1507 (6th Cir.1987). The legal requirements are now well established law. This court has no doubt that in the present situation the City's failure to ensure compliance with those requirements constitute a clear violation of plaintiffs'

constitutional rights. Defendant City admits that *it* has not adopted, implemented or ensured that any precollection disclosure, rebate and escrow procedures were in place for non-Union employees. Yet, in its brief in opposition the City raised several objections to the grant of summary judgment. Although these are mostly procedural and fail to raise genuine material issues of fact, the court will address them.

■ First, the City vehemently argues that since the Union has now been made a third party defendant, the issue is whether the Union has provided such procedures. The City relies on language in the *Tierney* case, *supra*, which sets out the Union's duties regarding the collection of fair share service or agency fees. However, the *Tierney* case also states

> Plainly, the City of Toledo owes a duty to its non-union employees to assure that its ordinance will not permit the union to deprive them of their rights under the First and Fourteenth Amendments. *Hudson*, 106 S.Ct. at 1076 n. 20.

*Tierney*, at 1505.

Substituting the presently involved CBA for the ordinance in the *Tierney* case, there is a definite imposition of duty upon the municipality to assure the employees' constitutional rights. Furthermore, the mere fact that the Union has been brought in as a third party defendant is no obstacle to the grant of summary judgment in this case. To the contrary, once the court grants plaintiffs' motion for summary judgment and awards appropriate remedies to plaintiffs, the remaining parties, defendant and third party plaintiff City and the third party defendant Union will continue to pursue their controversy in this court. At that point the major issue will be the CBA's indemnification clause and its impact on liability for 42 U.S.C. § 1988 attorney fees purposes. Moreover, this argument is entirely theoretical in the case at bar. Should there have been any precollection procedures instituted by the Union, the City would have had a duty to produce evidence of such procedures in its opposition to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. A party may not rest on allegations in its pleadings, but must set forth and produce admissible evidence to the fact that genuine issues persist. Rule 56(e). Further, in the unique situation in this case, compliance by the Union with the prescribed constitutional requirements, would have constituted full compliance on the part of the City as well.

■ The City further argues that the mere fact that the Union complied with the filing requirements of Ohio Revised Code § 4117.19(B)(6) and (C) raises an issue of material fact. This court disagrees, the fact that a financial report was filed with the State Employment Relations Board (SERB) does not constitute compliance with the very precise and extensive *Hudson* and *Tierney*, *supra*, procedural requirements. Furthermore, even the alleged fact that plaintiffs were previously members of the Union leadership does not mean that they waived their constitutional rights to the safeguards mandated by *Hudson*. In the very recent Sixth Circuit Court of Appeals case of *Lowary v. Lexington Local Bd. of Education*, 903 F.2d 422 (6th Cir.1990), the court, among other issues, addressed the question whether non-Union employees who failed to object waived their right to challenge the constitutionality of the collection procedure. Finding against the waiver the court said:

> Our holding against a finding of waiver is perfectly consistent with longstanding Supreme Court precedent on the issue of waiver of constitutional rights. In *Johnson v. Zerbst*, 304 U.S. 458, 464 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461] (1938), the Supreme Court noted that " 'courts indulge every reasonable presumption against waiver' " of fundamental constitutional rights and that they " 'do not presume acquiescence in the loss of fundamental rights' " (citations omitted). Rather, "[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Id.*

There was no intentional waiver in this case. Although plaintiffs might have possessed some knowledge about the Union's

financial affairs, they were still entitled to the constitutional procedural pre-collection safeguards, and did not waive such rights by virtue of their past status. On the contrary, they notified the City and later their attorney explained this area of the law to the City's law director; yet collection continued.

It is this court's opinion that there are no genuine issues of material fact regarding the plaintiffs' cause of action against the City.

Accordingly, plaintiffs' motion for summary judgment (Docket No. 15) is hereby granted as follows:

1. Declaratory judgment is hereby granted regarding the collection of agency service fees in violation of plaintiffs' constitutional rights.

2. The plaintiffs are entitled to full refund of all agency or service fees withheld.

3. Plaintiffs are entitled to nominal damages in the sum of $1.00 each.

4. The City is hereby enjoined from collecting agency or service fees from non-Union employees, until constitutionally valid pre-collection and collection procedures have been fully implemented.

5. Pursuant to 42 U.S.C. § 1988, plaintiffs are entitled to reasonable attorney fees.

IT IS SO ORDERED.

### ORDER

Pending before the court is plaintiffs' motion to dismiss third-party complaint. Defendant City of Bucyrus replied in opposition. It is plaintiffs' contention that defendant's third-party complaint against third-party defendant Local 1120, International Association of Firefighters (the Union) was untimely and that the court should decline the exercise of its jurisdiction over what they characterize as pendent state law claims.

This court disagrees. Defendant City's third-party complaint was not untimely. It was filed in a timely manner following the denial of the City's motion to dismiss for failure to join an indispensable party. Further, plaintiffs themselves suggested in their opposition to the City's motion to dismiss that the City has the procedural device to join the Union pursuant to Rule 14 of the Federal Rules of Civil Procedure. The court suggested the same in its order. Thus, plaintiffs can not have it both ways, depending on their convenience at the time.

Furthermore, inasmuch as the court granted summary judgment to the plaintiffs in their cause of action against the City, the City is now entitled to clarify its liability under the law and the collective bargaining agreement (CBA) versus third-party defendant, the Union. Specifically, the validity of the indemnification clause in the CBA becomes a major issue for purposes of 42 U.S.C. § 1988 attorney fees.

Defendant moved for sanctions and attorney fees against the plaintiffs, alleging that the motion to dismiss was a frivolous attempt to keep a proper party, the Union, out of this action, one that had no merit and thus was for improper purpose.

 It is the opinion of this court that at this stage of the litigation the parties should concentrate on resolving the remaining issues. Although the plaintiffs changed their initial stand regarding the third-party complaint against the Union, it was not an offense of such magnitude as to require sanctions. It is not unusual for a party to request and advise the court to deny jurisdiction over pendent state claims in order to conclude their cause of action in federal court, and have the remaining parties resolve their problems in another cause of action in state court.

Accordingly, plaintiffs' motion to dismiss the third-party claim is hereby denied, and defendant's motion for attorney fees and sanctions is denied as well.

IT IS SO ORDERED.