Carol **WEAVER**, et al., Plaintiffs,

v.

The **UNIVERSITY OF CINCINNATI**, et al., **Defendants**.

No. C–1–90–591.

United States District Court,
S.D. Ohio, W.D.

March 5, 1991.

John Michael Dobyns, Wilmington, Ohio, and W. James Young, Glenn M. Taubman, Nat. Right to Work Legal Defense Foundation, Springfield, Va., for plaintiffs.

Eric Holzapfel, Donald Mooney, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on a motion to dismiss brought by defendants The University of Cincinnati ("UC"), Joseph L. Steger and Jill Parris. (Doc. No. 15). Plaintiffs oppose defendants' motion (Doc. No. 17) and defendants have replied. (Doc. No. 23).

### Factual and Procedural History

This action was brought pursuant to 42 U.S.C. § 1983 by employees of UC who are non-union members of a bargaining unit of District 925 Service Employees International Union ("SEIU")[1] against SEIU, UC, Steger, acting in an official capacity as President of UC, and Parris, acting in an official capacity as UC's interim Vice–President for Human Resources and Human Relations. Plaintiffs charge that defendants violated plaintiffs' constitutional rights secured by the First, Fifth and Fourteenth Amendments of the United States Constitution. Plaintiffs allege that defendants wrongfully commenced automatic payroll deductions of "service charges" or "fair share fees" from plaintiffs' wages in a manner inconsistent with those safeguards set forth by the United States Supreme Court in *Chicago Teachers Union v. Hudson*, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986).

The "fair share fee" seizures in dispute are collected pursuant to a collective bargaining agreement (the "CBA") entered into by defendants. The CBA is effective through June 30, 1992 and covers plaintiffs' bargaining unit. Article 4 of the

---

1. The bargaining unit is comprised of "all permanent and temporary full-time office staff employed by the University of Cincinnati, ... and all permanent and temporary part-time office staff with an appointment of .5 FTE or more in the classification as listed in Appendix I." Complaint ¶ 6.

CBA titled "Union Security and Dues Deduction" provides in pertinent part:

> The Union shall fairly represent all employees covered under this Agreement. Therefore, as a condition of employment, employees who are covered under this Agreement shall, ... either execute a union membership and payroll dues deduction form, or shall have a fair share fee deducted from their payroll checks.

> \*   \*   \*   \*   \*   \*

> On a biweekly basis, the University shall deduct the dues established by the Union from the payroll check of each union member who has authorized such a deduction and the fair share fee established by the Union from each non-member. These deductions shall be transmitted to the Union no later than the tenth day of the following month ...

CBA, Article 4, §§ 1, 2, Complaint ¶ 20. Plaintiffs contend that these "fair share fee" seizures occurred and continue to occur without the appropriate safeguards and procedural protections necessary for a constitutional collection of agency shop fees.

### Dismissal Under Fed.R.Civ.P. 12

UC, Steger and Parris seek dismissal of plaintiffs' claims on two bases: (1) defendants argue that the Eleventh Amendment of the United States Constitution bars plaintiffs' claims against them; and (2) Steger and Parris assert that plaintiffs have failed to state a cognizable claim against them. Dismissal of a plaintiff's claims for lack of jurisdiction over the subject matter or for failure to state a claim upon which relief can be granted may be sought under Rule 12(b)(1) and Rule 12(b)(6), respectively.

Defendants assert that they are immune from suit based on the Eleventh Amendment and that therefore this Court lacks subject matter jurisdiction over them. Plaintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion, *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990), and factual disputes may be resolved by the Court when adjudicating such a motion. *Id.* By contrast, a Rule 12(b)(6) motion to dismiss requires the Court to examine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Rule 8(a) of the Federal Rules of Civil Procedure which states that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). A Court examines a complaint in light of the objectives of Rule 8 using the standard articulated in *Jones v. Sherrill*, 827 F.2d 1102 (6th Cir.1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. *Id.* at 158; *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*Id.* at 1103.

The admonishment to liberally construe plaintiff's claim when evaluating a Rule 12(b)(6) motion does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice & Procedure: § 1357 at 596 (1969). "In practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985) (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100, 77

L.Ed.2d 1358 (1983)); *see also Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir.1984); Wright, Miller & Cooper, Federal Practice & Procedure: § 1216 at 121–23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988); *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). In its scrutiny of the complaint, a Court construes all well-pleaded facts liberally in favor of the party opposing the motion. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The Rule 12(b)(6) challenge is moot if subject matter jurisdiction is lacking. The Court must examine first the contested jurisdictional issue before assessing the validity of plaintiffs' claims. *Moir*, 895 F.2d at 269.

### Immunity Under the Eleventh Amendment

■ The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment is construed to bar suits against a state by its own citizens as well. *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332 (6th Cir.1990) *citing Papasan v. Allain*, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Unless a state waives its immunity or Congress explicitly overrides such immunity, a state or one of its agencies or departments is not subject to an action brought pursuant to Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). This bar obtains whether the relief sought is legal or equitable in nature. *Papasan*, 478 U.S. at 276, 106 S.Ct. at 2939. Regardless of whether plaintiffs characterize the relief sought against UC merely as "prospective declaratory and injunctive relief," UC, an arm of the State of Ohio, is immune from suit. *Id.; see also Dillion v. University Hospital*, 715 F.Supp. 1384, 1386 (S.D.Ohio 1989).

■ The law does recognize an exception to Eleventh Amendment immunity when plaintiffs seek to enjoin a state official's actions on the grounds that such actions are unconstitutional. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 102, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984) *and Papasan*, 478 U.S. at 276, 106 S.Ct. at 2939. Relief tailored to bring an end to a state official's continuing violation of federal law is not barred by the Eleventh Amendment but remedies which in essence compensate a party injured in the past by an action of a state official performed in his official capacity may not be countenanced. *Papasan*, 478 U.S. at 278, 106 S.Ct. at 2940.

■ Plaintiffs maintain that the relief sought against Steger and Parris is prospective in nature. Plaintiffs essentially seek a three-pronged remedy against these defendants: (1) entry of a declaratory judgment stating that the "fair share fee" seizures violated plaintiffs' constitutional rights; (2) a permanent injunction prohibiting further "fair share fee" seizures; and (3) an award of costs and attorney's fees pursuant to 42 U.S.C. § 1988. Steger and Parris do not explicitly address the first and second part of the remedy. Rather, they simply assert that "[t]his action is an action for damages against Steger and Parris since the Plaintiffs seek attorneys fees

from them." Defendants' Motion to Dismiss at 5. To the contrary, the United States Supreme Court has recently reaffirmed its holding that the Eleventh Amendment has no application to an award of attorney's fees against state officials awarded pursuant to 42 U.S.C. § 1988:

> Attorney's fees, we held, belonged to the latter category [of prospective injunctive relief], because they constituted reimbursement of "expenses incurred in litigation seeking only prospective relief" rather than "retroactive liability for prelitigation conduct." *Hutto [v. Finney],* 437 U.S. [678], at 695 [, 98 S.Ct. 2565, 2576, 57 L.Ed.2d 522 (1978)] ... After *Hutto,* therefore, it must be accepted as settled that an award of attorney's fees ancillary to prospective relief is not subject to the strictures of the Eleventh Amendment.

*Missouri v. Jenkins By Agyei,* 491 U.S. 274, 109 S.Ct. 2463, 2466–67, 105 L.Ed.2d 229 (1989).

■ The attorney's fees sought against Steger and Parris are ancillary to the prospective relief requested. Such a remedy does not convert this action into one for retroactive monetary relief. Steger and Parris are not immune from this suit.

In sum, plaintiffs' action against UC is barred by the Eleventh Amendment since the *Ex parte Young* exception does not apply to an arm of a state. Plaintiffs' suit against Steger and Parris based on prospective injunctive relief and an award of attorney's fees under Section 1988 is not barred, however. Plaintiffs have met their burden of proving jurisdiction over Steger and Parris.

### The Prima Facie Validity of Plaintiffs' Claims

Steger and Parris further contend that plaintiffs have failed to state a cognizable claim against them. First, defendants argue that they did not violate plaintiffs'

constitutional rights by entering into an agreement with SEIU to deduct "fair share fees" from non-union employees since such agreements have been deemed constitutional. *See Abood v. Detroit Board of Education,* 431 U.S. 209, 222, 97 S.Ct. 1782, 1792, 52 L.Ed.2d 261 (1977); *Hudson,* 475 U.S. at 301, 106 S.Ct. at 1073; *Tierney v. City of Toledo,* 824 F.2d 1497, 1502 (6th Cir.1987). Second, defendants maintain that while a union will be held responsible for ensuring that the agreement's pre-collection and post-collection safeguards pass constitutional muster, a public employer is not likewise liable.[2] Plaintiffs reject defendants' contention that public employers are not obligated to ensure that "fair share fee" seizures meet the *Hudson* requirements.

■ The Court is mindful that plaintiffs' claim brought under Section 1983 survives a Rule 12(b)(6) challenge unless it appears beyond doubt that plaintiffs can prove no set of facts in support of this claim entitling them to relief. *Jones v. Sherrill,* 827 F.2d at 1103. Plaintiffs admit that agency shop agreements are constitutional. They allege, however, that Steger and Parris violated their constitutional rights by failing to ensure that UC's agreement with SEIU complied with *Hudson* procedural safeguards and by enforcing an unconstitutional "fair share fee" seizure plan. The infirmities of this plan allegedly include: (1) the failure to provide non-union members with proper audited disclosures of major categories of union expenditures and allocations between chargeable and nonchargeable components; (2) the failure to provide notice and audited financial disclosure verifying the basis for the amount of the "fair share fee"; (3) employing an unconstitutionally vague standard to determine what expenditures are chargeable to non-union members; and (4) the failure to provide

---

**2.** In their reply brief, Steger and Parris appear to shift their argument, acknowledging that while they have a constitutional duty to provide a separate objection procedure for non-union members, such a procedure is available to plaintiffs pursuant to Ohio Administrative Code

§ 4117–11–01. Having raised this argument in their reply, defendants have given plaintiffs no opportunity to respond. The Court will address only the merits of defendants' original contention.

adequate objection procedures for those challenging the "fair share fee" seizures.

*Hudson* and its progeny establish that "fair share fee" plans must provide non-union members with adequate financial disclosures, verified by an independent auditor, which list those major categories of union expenditures. *Hudson*, 475 U.S. at 307, 106 S.Ct. at 1076; *Tierney*, 824 F.2d at 1506. "Fair share fee" plans must further provide non-union members with information about the actual amount of the fee and how it was calculated as well as establishing objection procedures which enable employees to object in a timely fashion on the basis of adequate information about the fees. *Damiano v. Matish*, 830 F.2d 1363, 1370–71 (6th Cir.1987); *see generally Gwirtz v. Ohio Educ. Ass'n*, 887 F.2d 678, 681 (6th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1810, 108 L.Ed.2d 941 (1990). Assuming that a public employer has a duty to ensure that "fair share fee" seizures are conducted in a constitutional manner, plaintiffs have stated a cognizable claim under Section 1983 based on their allegations about the "fair share fee" seizure procedures at issue in this case.

■ The obligations of a public employer with respect to "fair share fee" seizures was clarified by the Court of Appeals for the Sixth Circuit in *Tierney*: "Plainly the City of Toledo owes a duty to its non-union employees to assure that its ordinance will not permit the Union to deprive them of their rights under the First and Fourteenth Amendments." *Id.* at 1505. Whether it be by way of a city ordinance or a collective bargaining agreement with a union, a public employer owes a duty to its non-union employees to ensure that their constitutional rights are not violated by the agreed upon "fair share fee" seizures. *Jordan v. City of Bucyrus, Ohio*, 739 F.Supp. 1124, 1127 (N.D.Ohio 1990); *Damiano v. Matish*, 705 F.Supp. 1233 (W.D.Mich.1988) (On remand from the Sixth Circuit Court of Appeals, the district court entered judgment against State of Michigan defendants as well as the union based on "fair share fee" seizures which did not comply with *Hudson* requirements.)

■ Steger and Parris, acting in their official capacities on behalf of UC, may be held liable for continuing "fair share fee" seizures which are unconstitutional. Plaintiffs have met their burden of alleging such violations and, therefore, dismissal of plaintiffs' claims against Steger and Parris are not warranted at this juncture.

*Conclusion*

Based on the foregoing, it is hereby ORDERED that defendant UC's motion to dismiss for lack of jurisdiction is well-taken and is GRANTED. Defendant Steger and Parris's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted is without merit and is hereby DENIED.

IT IS SO ORDERED.