LEE TURZILLO CONTRACTING Co., APPELLEE, *v.* FRANK MESSER & SONS, INC., APPELLANT, ET AL., APPELLEE.

(No. 10893—Decided October 27, 1969.)

*Mr. Fred H. Zollinger, Messrs. Rendig, Fry, Kiely & Dennis* and *Mr. Don Burkholder,* for plaintiff-appellee.

*Messrs. Taft, Stettinius & Hollister, Mr. Nicholas L. White* and *Mr. James K. Nelson,* for appellant.

*Messrs. Frost & Jacobs, Mr. James G. Headley, Mr. Leo C. Wilkerson* and *Mr. Booth Shepard,* for defendant-appellee.

SHANNON, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas, Hamilton County, Ohio.

On July 20, 1961, defendant-appellant, Frank Messer & Sons, Inc., and defendant-appellee, Cincinnati Metropolitan Housing Authority, entered into a contract whereby Messer was to construct a housing project in the city of Cincinnati based upon plans and specifications prepared by and on behalf of the housing authority.

The project required that piling be installed for part of the foundation, and Messer selected the Lee Turzillo Contracting Company to put in place "augered hole piling" in accordance with the plans and specifications, such selection being approved by the Housing Authority.

For the sake of brevity, we will refer to the parties to the controversy as Messer, Metropolitan and Turzillo.

About August 16, 1961, Turzillo commenced installation of certain "test piles," as required in the contract, and of the eleven installed only two passed the required test load.

On October 25, 1961, Metropolitan notified Messer that the city of Cincinnati would not approve such type of augered hole piling for the project and instructed Messer to terminate Turzillo's subcontract and order him off the project. At the same time, Metropolitan directed Messer to obtain bids from other piling subcontractors and submit such to Metropolitan. Turzillo was ordered off the job on

October 30 1961, and on the following November 14 Messer submitted to Metropolitan a list of five piling subcontractors, with their bids.

However, a dispute arose between Messer and Metropolitan over the interpretation of the contract relative to the change of subcontractors and responsibility for termination of Turzillo, and some two hundred thirty-nine days elapsed before a new piling subcontractor (Raymond) commenced work.

During that interim, Turzillo filed its attested account in the sum of $49,034.67 with Metropolitan, who gave notice thereof to Messer. Eventually, Turzillo filed an action against Messer and Metropolitan on such account pursuant to R. C. 1311.26 *et seq.*

In 1965, the Court of Common Pleas of Hamilton County granted summary judgment for Turzillo, finding, as a matter of law that Messer had not manifested an intention to dispute Turzillo's claim. This court sustained that judgment.

The Supreme Court reversed this court and remanded the cause to the Court of Common Pleas for further proceedings. *Lee Turzillo Constracting Co.* v. *Cin. Met. Housing Authority* (1967), 10 Ohio St. 2d 5.

After remand, Messer asserted two counterclaims against Metropolitan. The first was for damages allegedly sustained by reason of the dispute over the piling, including claims for whatever amount the court might find Turzillo to be entitled, and amounts of allegedly increased costs of construction during the delay and from alleged changes in contract specifications. The second counterclaim was to recover liquidated damages withheld from monies due Messer for delays relating to the installation of piling.

The Court of Common Pleas, in an effort to follow the mandate of the Supreme Court, considered as primary the question whether Turzillo had partially performed under the contract and was prevented from completing the entire work through no fault of its own. After trial without a jury, it was found that Turzillo had performed accord-

ing to the contract specifications until Messer, at the direction of Metropolitan, ordered it off the project.

Accordingly, judgment was rendered in favor of Turzillo for the specified damage amount of $49,034.67 against both Messer and Metropolitan, and Metropolitan was ordered to pay that amount to Turzillo from funds held by Metropolitan.

After finding, as a matter of fact, that the piling subcontract had been improperly terminated by order of Metropolitan, the trial court considered the question of damages claimed by Messer. Upon this facet, the court concluded that Messer and Metropolitan mutually were at fault in causing the delay by the substitution of another piling subcontractor for Turzillo. Therefore, it barred Metropolitan from assessing liquidated damages against Messer and dismissed Messer's counterclaims. It is from such dismissals that this appeal is taken.

Following the rendition of its opinion, upon motion by Messer, the trial court answered a series of interrogatories and made findings of fact and conclusions of law.

Initially, we note that, although it contested the issue of Turzillo's performance during the trial after remand, Messer now accepts the finding below that Turzillo performed as required. Messer, however, does assign as error the dismissal of its claim for an increase in the amount of its contract with Metropolitan for the value of work performed by Turzillo.

There are four other assignments of error, the first two of which refer to the denial of claims for damages in the form of increased costs due to delay and change in the type of piling installed; and the second two based on the denial of the recovery of liquidated damages withheld by Metropolitan and the recovery of interest.

A reading of the transcript of the proceedings, coupled with the stipulations of fact and an examination of the exhibits, convinces us that the trial court correctly disposed of all the material issues. Ordinarily, then, we would affirm the judgment below.

However, a comparison of the opinion of the court,

which has been made a part of the record, with the answers to the interrogatories and the separate findings of fact and conclusions of law, reveals the errors in the judgment on the finding by the trial court which compel the action taken by this court herein.

As was found below, and is now conceded, that Turzillo performed its contract in accordance with the plans and specifications prepared for and on behalf of Metropolitan. The subcontractor having performed, and there being no showing or even suggestion that Messer was at fault in the specification or installation of the "auger type" piling, the pecuniary loss cannot be attributed to Messer. This was tacitly recognized by the trial court when it denied Metropolitan the recovery of liquidated damages as a consequence of the delay in the installation of piling. With this in mind, the inconsistency between the finding and the order to Metropolitan to pay Turzillo the value of its performance from funds due Messer becomes apparent.

It is undisputed that another contractor installed the necessary piling and was paid by Messer. Therefore, Turzillo having already been paid with money to which Messer was entitled, it can be seen that Messer has been compelled to pay twice for some of the work. Metropolitan not having been ordered to pay Turzillo directly with funds of its own, Messer is entitled to be reimbursed for the payment made by Metropolitan with Messer's money. The trial court's finding compels such award.

In our opinion, the trial court properly denied Metropolitan the recovery of liquidated damages. It must be remembered that Metropolitan made the decision to order Turzillo off the project. This action initiated the delay in the installation of piling. Therefore, Messer cannot be penalized, that is, compelled to pay liquidated damages, although we concur with the trial court's denial of recovery by Messer of alleged damages due to increased costs.

Again, an anomaly exists. The court below in its conclusion of law No. Twelve stated:

"The Housing Authority as owner of the property likewise is barred from assessing Messer with liquidat-

ed damages for periods of delay caused in whole or in part by it as owner, and which may have resulted in prolongation of the work to be performed under the prime contract.''

We believe such conclusion to be fully warranted. But it was stipulated, and also found to be a fact (finding of fact No. Twenty-two), that:

''The housing authority withheld as liquidated damages from the final payment to Messer, a sum in excess of $117,750.''

The amount of $117,750 was computed as follows. Finding of fact No. Eighteen states:

''Three hundred and fourteen (314) days elapsed between the time Turzillo started work on the project and the time Raymond started work on the project.''

The stipulated basis for damages was one dollar per dwelling unit per day for the three hundred seventy-five units involved. The number of days (314) multiplied by the dollar figure (375) results in the total of $117,750, and a sum in excess of that amount was deducted from the final payment to Messer.

All parties to this controversy agree that the trial court employed the correct rule in an effort to resolve the issue of damages, to wit, where an owner and a contractor are each responsible for a certain amount of unreasonable delay in completing the work, the owner is barred from assessing the contractor with liquidated damages for whatever delay might have occurred in the completion of the work.

Therefore, the failure of the trial court to order the release to Messer of the funds withheld by Metropolitan as liquidated damages cannot be rationalized.

Utilizing the authority granted this court by Section 3 (B) (2), Article IV of the Ohio Constitution, to review and affirm, modify, or reverse judgments of inferior courts, and, upon reversal in whole or in part, to render such judgment as the court below should have rendered, pursuant to R. C. 2505.37 we reverse the judgment of the Court of Common Pleas, with reference to the counterclaim for an increase in the contract price for the value of Turzillo's

performance and for the amount of liquidated damages withheld by Metropolitan and order:

1. That the Cincinnati Metropolitan Housing Authority pay to Frank Messer & Sons, Inc., the sum of $49,034.67.

2. That the Cincinnati Metropolitan Housing Authority pay to Frank Messer & Sons, Inc., the sum of $117,750.

The judgment of the Court of Common Pleas, with reference to the claims for damages in the form of increased costs due to delay and change in the type of piling, is affirmed.

The only question remaining is that relating to interest on the awards. Clearly, the monies withheld by Metropolitan were those to which Messer would have been entitled save for the difficulties encountered. Messer has, then, been unjustly deprived of the use of such funds and is, in our opinion, entitled to interest on the combined amount of the sums above ordered paid to it by Metropolitan at the rate of six per cent (6%) per annum from July 10, 1964, the date upon which it submitted the required certificate for final release and, thereby, became eligible for and entitled to payment, until such amount is paid.

*Judgment accordingly.*

HILDEBRANT and HESS, JJ., concur.