**CARTER STEEL AND FABRICATING COMPANY**

v.

**OHIO DEPARTMENT OF TRANSPORTATION.***

Court of Claims of Ohio.

No. 97–07692.

Decided June 29, 1999.

---

* Reporter's Note: No appeal has been taken from the judgment of the court.

*James S. Savage,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for defendant.

———————

RUSSELL LEACH, Judge.

Plaintiff Carter Steel and Fabricating Company filed this action against defendant Ohio Department of Transportation on the theory of breach of contract. Defendant has denied any liability. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by both parties. The court finds that the following facts were proven by a preponderance of the evidence.

Plaintiff is a steel fabricating company headquartered in Bellefontaine, Ohio. On September 21, 1995, defendant contracted with Ohio Concrete Construction Co., Inc. ("Ohio Concrete") to construct a bridge in Crawford County, Ohio. Ohio Concrete subcontracted with plaintiff to furnish the structural steel bridge beams for the construction of the bridge project. Plaintiff, in turn, contracted with Nucor Yamato Steel Co. ("NYS"), located in Blytheville, Arkansas, to supply plaintiff with steel according to defendant's specifications, one of which was that the steel used in the bridge project was to come from a domestic supplier. It is undisputed that NYS was the sole domestic supplier for the compliant steel. Due to manufacturing errors, the steel delivered to plaintiff by NYS was rejected by plaintiff on two separate occasions for failure to comply with defendant's specifications. Plaintiff filed a written request for an extension of time after learning that NYS's manufacturing problems would cause a delay in the project; however, defendant denied the request. Plaintiff eventually delivered compliant steel bridge beams to the job site on September 10, 1996, but because of NYS's manufacturing errors, the bridge project was delayed for forty-six days. As a result of the delay, defendant assessed liquidated damages against Ohio Concrete in the amount of $27,600, which is computed at $600 per day for the forty-six days. In turn, Ohio Concrete deducted $27,600 from the amount otherwise payable to plaintiff under the subcontract. Plaintiff asserts that the $27,600 liquidated damages back-charge by defendant was inappropriate and in breach of its obligations to Ohio Concrete. Plaintiff, as assignee of Ohio Concrete's claim against defendant, seeks $27,600 in damages plus prejudgment interest.

Defendant asserts that plaintiff had the responsibility to ensure that proper materials were supplied by its subcontractor and that the assessment of liquidated damages was appropriate under the circumstances.

■ The sole issue before the court is whether a general contractor can assess liquidated damages against a subcontractor for a delay caused solely by the manufacturing errors of a single-source supplier of material. This case presents an issue of first impression for this court.

Plaintiff asserts that only a job delay that is the fault of a subcontractor due to matters within its control can justify the assessment of liquidated damages. Plaintiff cites *Lee Turzillo Contracting Co. v. Frank Messer & Sons, Inc.* (1969), 23 Ohio App.2d 179, 52 O.O.2d 263, 261 N.E.2d 675, which states: "Where an owner and a contractor are each responsible for a certain amount of unreasonable delay * * *, the owner is barred from assessing the contractor with liquidated damages for whatever damages might have occurred in the completion of the work." *Id.* at 184, 52 O.O.2d at 266, 261 N.E.2d at 679. Plaintiff argues that the delay was not within its control because NYS was the sole supplier of the compliant steel and that plaintiff could not terminate its contract with NYS and hire another supplier to complete the job sooner, since there was no other supplier to hire. Plaintiff contracted with NYS for steel that would comply with defendant's standards. After problems in manufacturing arose, plaintiff discovered that NYS was the sole supplier of domestic steel. Plaintiff requested an extension of time once it discovered that a delay would occur, but defendant did not grant an extension. Plaintiff argues that because NYS was a single-source supplier, defendant effectively controlled the decision about which supplier to use.

Defendant argues that because plaintiff contracted with NYS, plaintiff should bear the risk of a delay in delivery of compliant steel because a contractor is responsible to ensure that work done by the subcontractor complies with the specifications of the contract.

■ The contract between plaintiff and NYS specifically states that the only remedy plaintiff has against NYS for nonconforming goods is replacement. Plaintiff was aware of and accepted this exclusive remedy when it contracted with NYS. It is a general rule that failure to perform within the time period called for by a contract constitutes a breach for which damages are recoverable. *John P. Novatny Elec. Co. v. State* (1975), 46 Ohio App.2d 255, 75 O.O.2d 412, 349 N.E.2d 328. Under normal circumstances, plaintiff would be required to try to cure the delay by finding another supplier to provide steel for the job to meet the deadline. However, since NYS was the sole supplier of compliant steel, plaintiff was not able to cure the delay, and was forced to wait for NYS to correct its manufacturing problems in order to honor the contract with defendant. In *John E. Cooper Co. v. DeCapo Constr., Inc.* (1981), Cuyahoga App. No. 42293, unreported, 1981 WL 4521, the Eighth District Court of Appeals found that a subcontractor may not be held liable for a brick producer's failure to perform, absent explicit language in the written agreement between the subcontractor and

the general contractor providing for such liability. By analogy, because NYS was the only domestic steel supplier and the delay was due to manufacturing problems that were incurred at NYS, plaintiff cannot be held liable for liquidated damages, since it did not breach its contract with defendant. The court finds that the delay caused solely by NYS's manufacturing problems was outside plaintiff's control. Given the facts of this case, the court finds that the assessment of liquidated damages in this situation was unreasonable, since plaintiff had no remedy available to complete the contract on time.

The court finds that defendant's assessment of liquidated damages against plaintiff was contrary to law because the delay was outside plaintiff's control. Accordingly, based on *Turzillo* and *Cooper, supra,* the assessment of liquidated damages by defendant was improper. Therefore, judgment shall be entered in favor of plaintiff for $27,600, which represents a refund of the liquidated damages of $600 per day for forty-six days of delay.

In addition, plaintiff asks for prejudgment interest. After reviewing the transcript of the trial and all of the documentation contained in the case file, the court was unable to determine the date that liquidated damages were actually assessed against plaintiff. Subsequently, on May 11, 1999, this court ordered the parties to submit documentation informing the court of the date that liquidated damages were assessed against plaintiff by Ohio Concrete Construction, Inc. Based upon the documentation submitted by the parties, the court finds that Ohio Concrete assessed liquidated damages against plaintiff on October 24, 1996. Therefore, prejudgment interest shall be calculated on the judgment in accordance with *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687, at ten percent per annum, from October 24, 1996.

*Judgment accordingly.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.