DECISION.
{¶ 1} Defendant-appellant, the city of Cincinnati, appeals the judgment entered by the Hamilton County Court of Common Pleas in favor of plaintiff-appellee, Security Fence Group, Inc., in a breach-of-contract action. For the following reasons, we reverse the trial court's judgment.
 {¶ 2} In the summer of 1999, the city entered into a $1.5 million contract with Sunesis Construction Company, pursuant to which Sunesis was to replace a bridge on a city road. Under the terms of the contract, Sunesis was to complete the project by December 31, 1999. The contract further provided that, if the work was not completed by that date, Sunesis was to pay liquidated damages in the amount of $600 per day. The liquidated-damages amount was based upon regulations promulgated by the Ohio Department of Transportation. Sunesis, in turn, entered into a contract with Security under which Security was to provide guardrails and other barriers for the project.
 {¶ 3} Security did not complete its portion of the work by the deadline set forth in the contract. Although it installed temporary barriers by December 31, 1999, it did not furnish the barriers specified in the contract until March 3, 2000. The city did not open the street to traffic until the latter date.
 {¶ 4} The city paid Sunesis the contract price minus liquidated damages in the amount of $29,400. The city assessed the liquidated damages from January 1, 2000, through January 6, 2000, and from January 21, 2000, through March 3, 2000. The city waived damages for the period of January 7, 2000, through January 20, 2000, because of inclement weather.
 {¶ 5} Sunesis assigned its rights under its contract with the city to Security, and Security sued the city for the amount of liquidated damages the city had withheld from Sunesis. After a bench trial, the trial court entered judgment in favor of Security in the amount of $29,400, representing the full amount withheld as damages.
 {¶ 6} In a single assignment of error, the city now argues that the trial court erred in failing to enforce the liquidated-damages provision of the contract. As a preliminary matter, the parties agree that Security was an assignee of Sunesis's rights under the contract and therefore stood in the shoes of Sunesis with respect to all contractual rights and remedies.[1]
 {¶ 7} The Supreme Court of Ohio has established a three-part test to determine the validity of a liquidated-damages clause. Where the parties have agreed upon an amount of damages in unambiguous terms, that amount is to be treated as liquidated damages and not as a penalty if (1) the actual damages would be uncertain as to amount and difficult to prove; (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to indicate that it does not express the true intentions of the parties; and (3) the contract is consistent with the conclusion that the parties intended that damages in the agreed-upon amount would follow the breach of the contract.[2]
 {¶ 8} If a liquidated-damages clause is otherwise valid, the party seeking such damages need not prove that actual damages resulted from a breach.[3] Moreover, when a liquidated-damages provision is challenged as being punitive, the court must "step back and examine it in light of what the parties knew at the time the contract was formed and in light of an estimate of the actual damages caused by the breach."[4]
 {¶ 9} In the case at bar, we agree that the trial court erred in holding that the liquidated-damages clause was unenforceable. The evidence indicated that any actual damages would be difficult to prove. The primary damage expected to flow from the breach of the contract was inconvenience to the public, an amorphous form of damages even if the parties had attempted to compute the inconvenience on a per-vehicle basis. Moreover, the contract was not otherwise unreasonable or unconscionable. The evidence indicated that Sunesis was a sophisticated party that had entered into the contract with complete awareness of the liquidated-damages clause. Also, the contract clearly evinced the parties' intention that the damage provision would be enforced upon a breach of the agreement.
 {¶ 10} Security argues, though, that the city did not in fact suffer damages from the delay in the performance of the work, because the street could have been opened after the installation of the temporary barriers. We find no merit in this argument. We first note that, even though the evidence indicated that the road could have been opened to traffic after the installation of the temporary barriers, it did not indicate that the temporary barriers were acceptable as a substitute for the permanent barriers or constituted a completion of the project. There was no provision in the contract permitting Sunesis to prevent the invocation of the liquidated-damages clause by installing temporary barriers or performing other work not specified in the contract. The fact remained that the road project, as described in the contract, was not completed by the date of the deadline. The city's decision to keep the road closed was occasioned by Security's failure to complete the work, and Security's argument that there were no actual damages is incorrect.
 {¶ 11} Moreover, as we have already noted, the trial court was required to evaluate the damages provision in light of the situation at the time of the execution of the contract. Here, the parties could have reasonably anticipated that the street would be closed due to Sunesis's delay, and they accordingly provided for a damage provision — computed on a per-day basis — that would reflect the relative inconvenience anticipated to result from the breach. The $600 figure was not so excessive, in light of the total contract price, that it rendered the provision a penalty, and the amount was based upon regulations promulgated by the state.
 {¶ 12} In refusing to enforce the liquidated-damages provision, the trial court in effect rewrote the contract to require the city to prove actual damages. Both as a matter of contract law and as a matter of the policy favoring the timely performance of public contracts, the trial court's holding was untenable. Therefore, we sustain the assignment of error, reverse the judgment of the trial court, and enter judgment in favor of the city.
Judgment accordingly.
Sundermann, P.J., and Painter, J., concur.
[1] See Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.,150 Ohio App.3d 728, 2002-Ohio-7078, 782 N.E.2d 1225, at ¶ 22.
[2] Samson Sales, Inc. v. Honeywell, Inc. (1984), 12 Ohio St.3d 27,465 N.E.2d 392, syllabus.
[3] USS Great Lakes Fleet, Inc. v. Spitzer Great Lakes, Ltd. (1993),85 Ohio App.3d 737, 741, 621 N.E.2d 461.
[4] Lake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376, 382,613 N.E.2d 183.