[Cite as *Boone Coleman Constr., Inc. v. Piketon*, 2016-Ohio-1557.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| BOONE COLEMAN CONSTRUCTION, INC., | : | Case No. 13CA836 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| VILLAGE OF PIKETON, OHIO, | : | |
| Defendant-Appellee. | : | |

<u>APPEARANCES</u>:

Stephen C. Rodeheffer and John A. Gambill, Portsmouth, OH, for appellant.

Eric B. Travers and Timothy A. Kelley, Kegler Brown Hill & Ritter, L.P.A., Columbus, OH, for appellee.

Harsha, J.

{¶1}     This cause is before us on remand from the Supreme Court of Ohio.  In *Boone Coleman Constr., Inc. v. Piketon*, 2014-Ohio-2377, 13 N.E.3d 1190 (4th Dist.), we sustained that portion of Boone Coleman's first assignment of error contesting the trial court's awarding of liquidated damages to Piketon on a public-road-construction contract.  We held that the $277,900 amount of liquidated damages was so manifestly unreasonable and disproportionate to the contract price of $683,300 that it constituted an unenforceable penalty, and reversed that portion of the trial court's summary judgment enforcing the liquidated-damages provision.  We affirmed the remainder of the judgment. On review the Supreme Court of Ohio vacated that part of our judgment that held the liquidated-damages provision constituted an unenforceable penalty. The court remanded the cause to us to reconsider the liquidated-damages provision in light of its

opinion. *Boone Coleman v. Piketon*, __ Ohio St.3d __, 2016-Ohio-628, __ N.E.3d __, ¶ 42.

## A. ANALYSIS

**{¶2}** The applicable test to determine whether a contractual provision should be considered a liquidated-damages provision or an unenforceable penalty is set forth in *Samson Sales, Inc. v. Honeywell, Inc.*, 12 Ohio St.3d 27, 465 N.E.2d 392 (1984), syllabus:

> Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof.

The Supreme Court held that we properly applied the first and third parts of the *Samson Sales* test. But, the Supreme Court held that we erred in applying the second part of the test. *Id.* at ¶ 31. Upon remand, it is apparent that application of the principles set forth in the Supreme Court's opinion demands the conclusion that "the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties." *Id* at ¶ syllabus. [1]

---

[1] As the Supreme Court noted, determining whether the stipulated sum is an unenforceable penalty or an enforceable provision for liquidated damages is a "difficult problem," i.e. "it is sometimes difficult to determine whether the terms actually provide for damages or for a penalty." *Id* at ¶ 16 and 28. Thus prospective vision, rather than hindsight, is critical to the analysis.

**{¶3}**   As the Supreme Court observed at ¶ 30-33 of its decision (footnote omitted):

{¶ 30} * * * Piketon and Boone Coleman did not contract for a lump sum. Rather, the parties contracted for a per diem measure of damages which, as Chief Justice Marshall recognized, is more likely to be an enforceable liquidated-damages provision than an unenforceable penalty: "[T]he agreement to pay a specified sum weekly during the failure of the party to perform the work, partakes much more of the character of liquidated damages than the reservation of a sum in gross." *Tayloe v. T. & S. Sandiford,* 20 U.S. 13, 18, 7 Wheat. 13, 5 L.Ed. 384 (1822).  * * *

{¶ 31} More importantly, the appellate court's myopic focus on the reasonableness of the *total amount* of liquidated damages in application, rather than on the reasonableness of the *per diem* amount in the contract terms, was not proper. The correct analysis looks at whether it was conscionable to assess $700 *per day* in liquidated damages for each day that the contract was not completed rather than looking at the aggregate amount of the damages awarded. *Accord Carrothers Constr. Co.,* 288 Kan. at 759, 207 P.3d 231.

{¶ 32} Although per diem amounts vary greatly in the case law, courts have upheld liquidated-damages provisions in public-construction contracts with per diem amounts similar to those at issue here. *See, e.g., Sec. Fence Group, Inc. v. Cincinnati,* 1st Dist. Hamilton No. C–020827, 2003-Ohio-5263, 2003 WL 22270179 (enforcing a per diem liquidated-damages provision in a public-bridge-replacement project that imposed $600 per day); *see also Carter Steel & Fabricating Co. v. Ohio Dept. of Transp.,* 102 Ohio Misc.2d 1, 721 N.E.2d 1115 (Ct. of Cl.1999) (impliedly recognizing the validity of a liquidated-damages per diem provision in bridge-construction project that imposed $600 in liquidated damages per day, but refusing to enforce it against subcontractor who had no control over delay); *Hovas Constr.,* 111 So.3d at 667 (upholding as reasonable a $500 per diem assessment of liquidated damages in public-construction contract); *Carrothers Constr. Co.,* 288 Kan. at 759, 207 P.3d 231 ($850

per diem assessment of liquidated damages held reasonable in public-construction contract). In fact, courts have upheld far greater amounts of per diem damages in construction contracts. *See, e.g., Dade Cty. Pub. Health Trust,* 577 So.2d at 638 (upholding as "perfectly reasonable" a liquidated-damages provision imposing $2,500 in damages per day in public-construction project for medical facility); *Bethlehem Steel Corp. v. Chicago,* 350 F.2d 649 (7th Cir.1965) (upholding a liquidated-damages provision imposing $1,000 in damages per day in public-construction project for elevated highway, even though contractor's delay did not prevent highway from opening to public on date scheduled). *See also* Unruh & Worden, 34 Santa Clara L.Rev. 1, at fn. 1 (in commercial construction contracts, "a typical *per diem* liquidated damages provision might provide that the general contractor pay the owner/developer $10,000 for each calendar day" of delay).

{¶ 33} Moreover, the per diem liquidated damages imposed by the contract between Piketon and Boone Coleman reflect the Ohio Department of Transportation's 2013 Construction and Material Specifications. Those specifications not only require liquidated damages be deducted from any sum owed the contractor for each day by which the contractor exceeds the completion date, but set out the specific amount of the per diem damages. The per diem damages are thus consistent with Ohio public policy.

**{¶4}**    As the Supreme Court ultimately concluded, Boone Coleman "may not avoid the result of the valid liquidated-damages provision it negotiated through counsel." *Id.* at ¶ 41.  Echoing their determination, we conclude the liquidated damages provision of $700 per day for delay beyond the contract deadline was reasonable.

CONCLUSION

**{¶5}**    Applying the principles elucidated in the Supreme Court's decision, we hold that the trial court correctly determined that the summary-judgment evidence established that the liquidated-damages provision in the public-works-construction

contract was enforceable under the *Samson Sales* test. Therefore, we overrule Boone

Coleman's assignments of error and affirm in toto the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:  Concurs in Judgment and Opinion.
*Ringland, J.:  Concurs in Judgment Only.


For the Court



BY: _____
        William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**


*Robert P. Ringland, from the Twelfth Appellate District, sitting by assignment of The Supreme Court of Ohio in the Fourth Appellate District.